EMMA MEYER et al. v. WILLIAM REIMER et al.

No. 12,820.    (70 Pac. 869.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Instructions.* Instructions to the jury on questions of law should be confined to the issues made in the pleadings, and it is error to give an instruction correct as an abstract statement which, as applied to the issues in, and the theory of, the case, is wrong and inapplicable, and which might easily mislead the jury in their application of the evidence to the issue.

Error from Harper district court; P. B. GILLETT, judge. Opinion filed December 6, 1902. Reversed.

*George E. McMahon*, and *J. P. Grove*, for plaintiffs in error.

*George B. Crooker*, and *T. A. Noftzger*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: In this action an aged father sought to set aside a conveyance of certain lands which he had made to his daughter. The reason why this was done, as set out in the petition, was because of the fraud practiced by the daughter and her husband in obtaining the same, in this, that they promised to perform certain services for the father, which, at the time, they had no intention of performing, and which they subsequently refused to perform, the promise being made simply and solely to procure the execution of the deed. The issues arising on this petition were closed by a general denial. Upon this issue trial was had to a jury, and evidence *pro* and *con* introduced.

The court gave as one of its instructions the following:

"I further instruct you, gentlemen of the jury, that if, at the time of the execution of the conveyance which is the subject of this controversy, you find from the evidence that the plaintiffs were far advanced in years, were greatly enfeebled in body and mind, and were greatly troubled and uneasy about their own personal welfare in the future, and by reason of these conditions were not in a mental condition to carefully weigh and transact such business as was involved in transferring the land involved in this action, and had become childish, and depended upon their daughter, Mrs. Meyer, and her husband, for counsel and advice, then and in that event an equi-

table wardship or fiduciary relation existed between them.

"A person is said to stand in a fiduciary relation to another when he has rights and powers which he is bound to exercise for the benefit of that other person. Hence, he is not allowed to derive any profit or advantage from the relations between them, except with the full knowledge and consent of the other person, and such other person must be in possession of all his powers before he can be bound by that knowledge or consent. The relations of attorney and client, principal and agent, guardian and ward, are instances of fiduciary relations; and generally, whenever from the position of the two persons one of them reposes, and has a right to repose, confidence in the other, a fiduciary relation is thereby created and exists.

"So, in this case, if you find from a full, fair and candid consideration of all the evidence in the case, that a fiduciary relation existed between the plaintiffs and the defendants, actual fraud is not essentially necessary to set aside the conveyance sought to be set aside in this case, but the burden of establishing the perfect fairness and equity of the conveyance, under such circumstances, is thrown upon the defendants."

It will be seen from this that a new issue, entirely different from that tendered by the pleadings or supported by the evidence, was submitted to the jury, and by it the jury were told that if they should conclude from the evidence that a fiduciary relation existed between the parties, then it was not necessary to prove actual fraud. The instruction even went further than this, and advised the jury that in such case the burden no longer rested on the plaintiff. Issues so foreign to the pleadings as the one submitted by this instruction may not be interpolated into a case. The jury were not authorized by the issues or the theory of the case to consider the fiduciary rela-

Meyer v. Reimer.

tion, and questions growing out of the same, at all; or, at most, only so far as such consideration served to explain or emphasize matters bearing on the actual fraud charged, and not to create another ground for relief. So that, in our opinion, the court clearly erred in giving this instruction, and we think it was a material error.

It could hardly be otherwise in an action of this sort, where an aged parent was pitted against his child, than that much of sympathy should be stirred up in the mind of the juror, and, warranted by such an instruction, he might find ground for a verdict therein other than in the evidence supporting the allegations of the petition. It is true, the jury found in answer to special questions the facts upon the issues tendered in the pleadings for the plaintiff, but they may have so found because of the influence which the erroneous instruction injected into the case. While these findings were not binding on the court in this kind of a case, the court did adopt them and permitted them to control its judgment. More than this, may we not gather from this instruction that in the court's mind the theory mentioned therein was material in the case? How can we say that it was not, in the view of the court, determinative of the rights of the plain-tiff? The trial theory, as well as instructions, should be based upon, and conform to, the issues made by the pleadings, else there is no certainty or order in procedure.

Objection is made by the plaintiff in error to the practice adopted by the court in this case of embodying in their entirety the pleadings. We have indicated in *Railroad Co. v. Eagan,* 64 Kan. 421, 67 Pac 887, our disapproval of this practice. The principl there announced applies in this case. No inconside

able amount of irrelevant matter is found in the petition, and much of probative facts by way of inducement are there stated. It is true, in the subsequent instructions the court gathered the salient points of the petition together, and, perhaps, thereby remedied the error which it committed in quoting the petition entire. We have said this much relative to this matter rather to emphasize the rule laid down in the Eagan case than to afford ground for reversing the judgment in this case.

For the error in giving the instruction quoted and the straying of the court from the issues involved, as evidenced thereby, the judgment will be reversed and the case remanded for further proceedings.

All the Justices concurring.