THE CITY OF LAWTON, OKLAHOMA, V. FANNIE L. MCADAMS.

(Filed September 5, 1905.)

1. SPECIAL INTERROGATORIES— Refused, When. It is not error to refuse to submit to the jury a special interrogatory, when the interrogatories submitted cover every material point involved in the case.

2. SAME. The object of the statute is to elicit material facts, and not mere fragments, or items, of evidence; hence, interrogatories that are calculated to mislead, confuse, or harass the jury should not be submitted.

3. WITNESSES—Examination of. Large discretion is lodged in the trial court, in respect to the examination of a witness by counsel and the court in its discretion, may arrest the examination of a witness, and the exercise of such discretion will not constitute reversible error, unless an abuse of such discretion manifestly appears.

4. INSTRUCTIONS—Evidence. It is not error to refuse to give an instruction as to the rules governing positive and negative testimony, where the evidence does not warrant such an instruction.

5. NEW TRIAL—Refused, When. It is not error for the trial court to refuse to grant a new trial on the ground of misconduct of the jury, where it appears that no prejudice could have resulted to the unsuccessful party.

(Syllabus by the Court.)

*Error from the District Court of Comanche County before Frank E. Gillette, Trial Judge.*

*J. A. Baker* and *Young & Ellis*, for plaintiff in error.

*F. P. Cease, H. N. Whalin,* and *Chas. Mitschrich,* for defendant in error.

Opinion of the court by

HAINER, J.: This was an action brought by the defendant in error against the city of Lawton, to recover damages for personal injuries alleged to have been sustained by her by reason of a defective ditch or sewer in one of the streets of

said city. The defense consists of a general denial, and contributory negligence. The cause was submitted to a jury, verdict returned in favor of the plaintiff for $1250, motion for new trial duly filed and overruled and exception reserved, and judgment rendered for the plaintiff on the verdict. From this judgment the city appeals.

The first error assigned and argued is that the court erred in refusing to submit special interrogatory No. 3, which reads as follows: "In case you find for the plaintiff, how much is allowed her for injury to her nervous system?"

It appears from the record that the court submitted twelve special interrogatories to the jury, at the request of the defendant, which covered every material point involved in the case, and hence, in our opinion, it was not error to refuse interrogatory No. 3, which sought to require the jury to state the amount of damages they found for the plaintiff for injury to her nervous system. The case of *A. T. & S. F. R. R. Co. v. Chamberlain,* 4 Okla. 542, cited by counsel, is not in point. There it was held that it was error for the court to refuse to submit a special interrogatory as to the amount allowed for actual damages, and as to the amount assessed for punitive damages. In the case under consideration, no punitive or exemplary damages were asked for.

Under the instructions of the court the plaintiff was limited to the recovery of damages merely for physical injuries and suffering, and the special interrogatories submitted by the court we think sufficiently covered this branch of the case. Had the defendant desired to submit a specific question as to the amount allowed for permanent bodily injuries sustained by the plaintiff, we think it would have been error to refuse it; or as to the amount allowed for physical or mental pain and suffering.

The jury in answer to interrogatory 3, which was as follows: "If any amount is allowed plaintiff for bodily injury, please state of what such injury consists or consisted," stated, "Bruises on body, extreme nervous shock and injury to womb, which caused hemorrhage." Under the charge of the court, but two elements of damage were submitted to the jury, viz.: (1) Physical injuries to the body, and (2) physical suffering. The former would necessarily include all injuries to the body, whether to the nervous system, or to any other portion of the body. The manifest purpose of the statute is to elicit material facts, and not mere fragments, or items, of evidence. Interrogatories that are calculated to mislead or harass or confuse the jury should not be submitted. In *Louisville, N. A. & C. Ry. Co. v. Kane*, 22 N. E. 80, Mr. Chief Justice Elliott, of the supreme court of Indiana, in, discussing this subject, uses the following language:

"It is not the object of the statute to permit many interrogatories to go to the jury, and certainly not to permit the repetition of questions. The statute was designed to elicit material facts, not mere items of evidence. It was not intended that interrogatories should be employed to harass or confuse jurors, but the purpose of the statute is to elicit the facts, so that the court may pronounce judgment upon them." (See also *Railway Co. v. Howk* 39 Kan. 638; 18 Pac. 943, also Marshall's Kansas Trial Brief, p. 910.)

In the second assignment of error it is urged that the court committed error in refusing to give sufficient latitude to the cross-examination of the expert witness Dr. Knee. We have carefully examined the testimony of this witness, and we are of the opinion that the objection is not well taken. On the contrary, we think that sufficient latitude was given to the cross-examination of this witness. Large discretion in

this respect is lodged in the trial court, and unless it appears that there has been an abuse of discretion, the exercise of it will not constitute reversible error. In Thompson on Trials vol. 1 sec 352, the rule has been laid down as follows:

"It has been laid down, generally that where in the progress of a trial, it appears obvious that a party, either in the examination of his witness or in his argument, is consuming time unnecessarily, the court may in its discretion, arrest the examination, and the exercise of this discretion will not be reviewed unless its abuse manifestly appears. So, it is the obvious duty of the judge to interpose of his own motion, when a useless and irrelevant examination of the witness is going on, and prevent a waste of time and the distraction of the attention of the jury from the real issues."

It is next contended that the court erred in refusing to submit instruction 11, in regard to the rule governing positive and negative testimony. While the rule governing negative and positive testimony is correctly stated by counsel for plaintiff in error, we think it is inapplicable to the evidence adduced on the trial. Counsel for appellant assumes for the purposes of this instruction, that the testimony offered on behalf of the plaintiff was negative, and that the testimony for the defendant was positive, in reference to the condition of the street as to lights and guards at the time the injury occurred. However, the evidence of the plaintiff, and she is corroborated by a number of other witnesses, clearly establishes that the accident occurred about 9:30 o'clock Sunday night, on her return from church, where she had been accompanied by Mrs. Botner and Miss Thompson. These witnesses testify positively that it was dark at the place where the accident occurred, and that there were no lights, guards, or barriers, to warn travelers of the existence of the sewer ditch or

trench that was placed there by the city authorities. On the other hand, the city offered the testimony of the street commissioner, and other witnesses, that he had placed a danger light on the excavation on the evening of the accident, and that it was a lantern with a red handkerchief tied around it, and that he also put up a guard. It will thus be seen that upon this question the testimony was conflicting. However, we think the great weight of the testimony upon this point sustained the contention of the plaintiff. Hence, the rule that applies to evidence of a positive and negative character had no application to the case under consideration, and instruction 11 was therefore properly refused by the court.

Finally, it is contended that the court committed error in refusing to grant a new trial on the ground of misconduct of certain jurors. We have carefully examined the record with reference to this contention, and in our opinion it is insufficient to warrant a reversal of the case.

A review of the entire record leads us to the conclusion that no prejudicial error was committed in the trial of this cause; and believing that the verdict of the jury and the judgment of the court rendered thereon were in consonance with right and justice, the judgment of the court below is affirmed.

Gillette, J., who presided in the court below, not sitting; all the other Justices concurring.