## GRISSO v. CRUMP et al.

No. 7675—Opinion Filed Oct. 10, 1916.

(160 Pac. 453.)

**1. Attorney and Client—Action for Compensation—New Party.**

On motion by defendant to make additional party, held not error to overrule same where pleading does not show party necessary.

**2. Trial — Instructions — Applicability to Case.**

Defendant requested special instruction, which was refused by the court. Held, not error; as the answer of defendant and his evidence does not raise the question involved in the instruction.

(Syllabus by deGraffenreid, C.)

Error from County Court, Seminole County, A. S. Norvell, Judge.

Action by George C. Crump and another, partners doing business under the style of Crump & Skinner, against W. E. Grisso. Judgment for plaintiffs, and defendant brings error. Affirmed.

Davis & Patterson, for plaintiff in error.

Pryor & Stokes and J. L. Skinner, for defendants, in error.

Opinion by DE GRAFFENREID, C. Defendant in error will be denominated plaintiffs, and plaintiff in error defendant. Plaintiffs filed their petition in the county court of Seminole county alleging that the defendant was indebted to them in the sum of $250 for legal services rendered under an oral contract with defendant, which services

as such attorneys were to institute in the district court of Seminole county, a civil action for defendant against J. Vanbuskirk, for recovery of certain land, which suit was finally determined in favor of the defendant, Grisso.

Defendant filed his amended answer, and specifically denied having entered into an oral contract of employment with plaintiffs, and denied that he agreed to pay plaintiffs any 'sum for their services, that defendant took John Rentie to the office of plaintiffs, and that said Rentie did employ plaintiffs in another matter, but he did not agree to pay for said services. For a second defense defendant contends that he had a written contract of employment by the year with Crump, Fowler & Skinner, a firm located at Wewoka, in Seminole county, to attend to all his business and try all suits in said county, and that said firm had been fully paid.

Upon the issues thus joined the cause proceeded to trial to a jury, resulting in a verdict for plaintiffs. Defendant filed motion for new trial, which was overruled, and exceptions saved by defendant, and he now prosecutes error to this court by filing petition in error with original case-made attached.

Counsel for defendant in their petition in error set out five assignments of error:

First, error in overruling motion for new trial; second, error in overruling motion to make A. M. Fowler party defendant; third, error in refusing special instruction asked for by defendant; fourth, verdict not supported by evidence; fifth, verdict contrary to law.

In substance the testimony tended to show that plaintiffs were attorneys and partners in the practice of law, and were living in Holdenville, Hughes county, and had their office in said place; that plaintiffs also connected themselves with A. M. Fowler, an attorney at Wewoka, in Seminole county, under the partnership name of Crump, Fowler & Skinner, to engage in the practice of law in Seminole county, thus constituting two separate and distinct firms.

It is shown by written contract that the firm of Crump, Fowler and Skinner had agreed to represent defendant in all legal matters and represent him in all suits in Seminole county at an agreed price for two years, which amount was fully paid by defendant, and this contract was in force at the time the suit was instituted for defendant in the district court of Seminole county. The petition which was filed in the district court for defendant was signed by Crump & Skinner, and not by the firm of which Mr. Fowler was a member.

The testimony of plaintiffs was, in substance, that the defendant came to their office in Holdenville and consulted them in regard to instituting the suit in Seminole county, and that defendant stated that he did not want Mr. Fowler to try the case, but that he wanted Mr. Crump to try it, and that he was willing to pay him a fee. Mr. Crump told defendant that he would not institute the suit under the contract which defendant had with the Wewoka firm, but would do so as the Holdenville firm for $250, which amount the defendant agreed to pay. All of this testimony is positively denied by defendant, and that he never entered into a contract to pay the Holdenville firm $250, or any other sum.

It is further shown that on same day the alleged oral contract was made that the defendant took John Rentie (who sold the land to defendant) to the office of Crump & Skinner in Holdenville, and they talked over the matter as to whether Rentie wanted Mr. Crump to collect some money due him in a guardianship case, and at the same time Rentie executed a note to Crump & Skinner for $250, which defendant alleges in his answer was for service in a probate case. Defendant testified on cross-examination as follows:

"Q. Now, you saw John Rentie sign this note? A. Yes sir. Q. And he was paying Mr. Crump $250 just to look after a probate matter? A. Yes, sir.".

The second assignment of error is that the court erred in overruling defendant's motion to make Mr. Fowler a party. The court properly overruled this motion, for the reason that plaintiffs sought to recover under an oral contract made with plaintiffs, and they must stand or fall on this allegation. If the evidence showed an oral contract with the Holdenville firm, the plaintiffs would recover; if not, then the plaintiffs would fail. Consequently Mr. Fowler was not a proper party, and there was no error in overruling this motion. Section 4696, Rev. Laws 1910; Goodrich v. Williamson, 10 Okla. 588, 63 Pac. 974, and cases there cited.

The defendant assigns as error the refusal of the court to give requested instruction as follows:

"You are instructed that one person is not liable for the debts of another, unless he promises in writing to pay the same. Therefore, if you find from the evidence that John Rentie employed the firm of Crump & Skinner to prosecute a suit, and gave therefor his note, you are instructed that the defendant, Grisso, is not liable unless he promises in writing to pay the same."

As an abstract proposition of law this is a correct statement, but it is not applicable

to this case, for the reason that defendant in his answer alleges:

"That on or about the date mentioned in plaintiffs' petition he accompanied one John Rentie to the office of Crump & Skinner in the city of Holdenville, and that he told plaintiffs that he had brought the said Rentie to their office for the purpose of having the said Rentie employ them to represent Rentie in obtaining the money due the said Rentie in the estate of his deceased granddaughter, and the said John Rentie did so employ plaintiffs to represent him in said cause, and the defendant did not undertake to pay any part of the fee, and did not agree to stand as surety for said Rentie in this case."

And defendant testified that the $250 note executed by Rentie to plaintiffs was in payment of a fee to plaintiffs in a probate case. It will be seen that the Rentie note was an entirely different transaction and had no connection whatever with the fee sued for in this case.

Now, if the answer had alleged, and the defendant had testified, that the note executed by Rentie to plaintiffs for $250 was for the fee in the land case in the district court, then the instruction would have been proper. Plaintiffs did not sue to collect the note of $250 executed by Rentie, but to collect $250 from the defendant under an oral contract. Therefore the court properly refused the instruction. Kingfisher Nat. Bank v. Johnson et al., 22 Okla. 228, 98 Pac. 343; Mo. Pac. R. v. Pierce, 33 Kan. 61, 5 Pac. 378; Meyer v. Reimer, 65 Kan. 823, 70 Pac. 869. See, also, City of Lawton v. McAdams, 15 Okla. 412, 83 Pac. 429; Ft. Smith & W. R. Co. v. Benson, 26 Okla. 246, 109 Pac. 77; Ft. Smith & W. R. Co. v. Collins, 26 Okla. 82, 108 Pac. 550; Murphey v. Hood, 12 Okla. 593, 73 Pac. 261; Citizens' Bank v. Garnett, 21 Okla. 200, 95 Pac. 775.

We have examined the record carefully, and find that the lower court properly submitted the issues to the jury, and the jury returned verdict for the plaintiffs.

We find no error in the record, and the judgment of the lower court is affirmed.

By the Court: It is so ordered.