## FIRST NAT. BANK OF LARAMIE, WYO., v. JENKINS.

No 7870—Opinion Filed July 10, 1917.

(166 Pac. 690.)

**Appeal and Error—Review—Affirmance.**

In an action at law, where the evidence is conflicting, and there is evidence reasonably tending to support the verdict of the jury and the judgment of the trial court, in the absence of other error urged and shown by the appellant, this court will not weigh the evidence, and the judgment of the trial court will be affirmed.

(Syllabus by Stewart, C.)

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by the First National Bank of Laramie, Wyo., against S. A. Jenkins. There was a judgment for defendant, and plaintiff brings error. Affirmed.

Hills & Manatt, for plaintiff in error.

Garber & Kruse, for defendant in error.

Opinion by STEWART, C. The parties will be referred to hereinafter as they were in the court below, as plaintiff and defendant.

The plaintiff brought action against the defendant on a promissory note alleged to have been made and executed by the defendant to Denver-Laramie Realty Company and assigned before maturity for valuable consideration to the plaintiff. The defendant answered, admitting execution of the note, but alleging that same was obtained by false and fraudulent representations, denying that plaintiff was an innocent purchaser for value before maturity, and asking for cancellation of note and costs.

The cause coming on for trial, the issues of fact were submitted to a jury, and verdict was returned in favor of the defendant, upon which verdict the court rendered judgment in favor of the defendant and against the plaintiff. Plaintiff duly filed motion for a new trial, which was overruled. Exceptions were saved, and plaintiff brings error to this court. The plaintiff's brief does not set forth any assignments of error; hence the same does not comply with the rules of this court. The argument of plaintiff is directed alone to the sufficiency of the evidence to sustain the verdict of the jury and the judgment of the court; there being no other proposition urged in the brief. It appears from the record that after the court had given to the jury its instructions as to the law the plaintiff asked the court to peremptorily instruct the jury to return a verdict for the plaintiff and against the defendant for the sum of $1,240, with interest at the rate of 7 per cent. per annum, which peremptory instruction was refused by the court, and exceptions reserved by the plaintiff. We have examined the evidence, and are of the opinion that the same shows that the execution of the note was obtained by false and fraudulent representation on the part of the Denver-Laramie Realty Company; hence under the law the burden would shift to the plaintiff to show that plaintiff was a holder in due course. From the circumstances detailed by the testimony in the case we cannot say that the plaintiff has met the burden imposed to the extent that there were no issuable facts to be submitted to the jury. From the record it appears that there were no exceptions reserved to the instructions of the court, and the instructions given fairly cover the law of the case. There are circumstances shown by the testimony which tend to prove collusion between the Denver-Laramie Realty Company and the plaintiff, and also circumstances tending to show that the plaintiff did not become the owner of the note until after maturity. These issues were submitted to the jury under instructions to which no exceptions were reserved by the plaintiff.

It is not necessary to cite authorities in support of the proposition that when the testimony is conflicting and there is evidence reasonably tending to support the verdict of the jury and the judgment of the court the same will not be disturbed on appeal to this court, in the absence of other prejudicial error urged and shown by the party appealing. This court, in an action at law, will not weigh the evidence.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.