### AETNA BLDG. & LOAN ASS'N v. McCARTY et al.

No. 9217—Opinion Filed April 13, 1920.

Rehearing Denied May 4. 1920.

(Syllabus by the Court.)

**1. Trial—Statements of Counsel—Binding Effect.**

A statement of counsel for plaintiff before the jury and in the presence of the court as to the authority of the local agent of the plaintiff is binding upon the plaintiff.

**2. Pleading—Variance—What Constitutes.**

Variance results from a discrepancy between the allegations and proofs of the same party, not between the allegations of one party and the evidence of the opposite party.

**3. Same.**

A variance between allegations and proof, to be valid, must be such as to mislead the adverse party to his prejudice in maintaining his action or defense on its merits.

**4. Mortgages—Foreclosure—Defenses—Variance.**

Evidence offered by defendants as to a compromise agreement on the indebtedness in order to secure the dismissal of a foreclosure suit, when such agreement is pleaded in the answer of defendants, is not inconsistent with an admission by defendants that the note and mortgage had been executed, and the introduction of this evidence does not constitute a variance which can be taken advantage of by plaintiff on appeal.

**5. Judgment—Conformity to Verdict.**

After a general finding by the jury, the court may provide in the journal entry of judgment for the carrying out of the jury's finding and verdict.

**6. Trial—Verdict—Defects—Amendment.**

After the amendment of the verdict of the jury by the trial court in such manner as to cure the defect urged by the plaintiff, the plaintiff is no longer entitled to complain.

**7. Appeal and Error—Review—Sufficiency of Evidence.**

Where the evidence is conflicting and there is evidence reasonably tending to support the verdict of the jury and judgment of the trial court, in the absence of other error

urged and shown by the appellant, this court will not weigh the evidence, but will affirm the judgment of the trial court.

Error from District Court, Cotton County; Cham Jones, Judge.

Action by the Aetna Building & Loan Association, a corporation, against C. E. McCarty and others to recover on a promissory note and to foreclose a real estate mortgage. Judgment for plaintiff for amount less than that sued for. Plaintiff brings error. Affirmed.

John H. Wright, John D. Rogers, and M. O. Lock, for plaintiff in error.

Johnson & Stevens and Parmenter & Parmenter, for defendants in error.

KANE, J. The Aetna Building & Loan Association, a corporation, herein referred to as plaintiff, filed suit in the district court of Cotton county against C. E. McCarty, Bonnie Lee McCarty, B. F. McCarty, Marshall A. Tucker, Amelia A. Tucker, W. T. Adams, and E. M. Bynum, to recover on a promissory note and to foreclose a real estate mortgage upon a certain lot in the town of Temple, Cotton county. All of the defendants except the Tuckers, who appear to be the real parties defendant in interest and are hereinafter referred to as defendants, defaulted. The case was tried to a jury and verdict returned for the plaintiff for $112.07, "and for plaintiff to release mortgage." The judgment as entered by the trial court is for $112.07, with interest at 10 per cent from date and $25 attorney's fees, and it was further decreed that this judgment should be a lien on the property of the defendants, and in case of failure of defendants to pay the sum found due within ten days, that the property should be sold by the sheriff to pay the judgment and satisfy the lien. From this judgment, the plaintiff appealed.

Defendants entered a general denial and pleaded an agreement between M. A. Tucker and the local agent of the plaintiff whereby M. A. Tucker was to assume the indebtedness against the property in the sum of $1,351 and pay $667.93 thereof in cash and the balance of $682.08 in monthly payments of $22.50, on condition that a foreclosure suit then pending would be dismissed by the plaintiff. The cash payment was made and the suit was dismissed without prejudice by the local agent, who was also the local attorney of the plaintiff. Defendants alleged that they had overpaid the plaintiff, and asked for judgment in their favor.

Plaintiff in its brief denies the agreement between defendant and its local agent, as alleged, or that the local agent had any authority to make any such agreement, and alleges that all that was done by the local agent was to reinstate the loan upon payment of the sum stated by defendants to have been paid in cash. The trial court submitted the question of the agreement and the authority of plaintiff's local agent to make such agreement to the jury over plaintiff's objection.

Although it is strenuously urged in plaintiff's brief that the local agent had no authority to make the agreement alleged, the record shows that during the trial the senior counsel for plaintiff stated before the jury and in the presence of the court that the agency or authority of its local agent was not questioned and that plaintiff earnestly denied that any such contract as that claimed by defendants Tucker was ever made. (R. p. 135). This statement of plaintiff's counsel as to the authority of the local agent is binding upon plaintiff, and plaintiff was not, therefore, prejudiced by the trial court submitting this question to the jury. 2 R. C. L. 990, sec. 69; Wilhite v. Skelton, 5 Ind. T. 621, 82 S. W. 932; Dorrance v. McAlester, 1 Ind. T. 473, 45 S. W. 141. The error most seriously alleged by the plaintiff is that the trial court erred in admitting the evidence of the defendants Tucker as to the alleged agreement, because inconsistent with the pleadings and defendants' answer and a variance from other allegations made and offered as a defense in defendants' answer.

Defendants' answer sets up a general denial, alleges authority in plaintiff's local agent to make collections and to compromise the foreclosure suit, and that plaintiff's local agent did compromise the foreclosure suit by compromise agreement, and sets forth the terms of this alleged agreement.

A variance results from a discrepancy between the allegations and proof of the same party, not between the allegations of one party and the evidence of the opposite party. 31 Cyc. 701.

It is a general rule that a variance between allegations and proof, to be valid, must be such as to mislead the adverse party to his prejudice in maintaining his action or defense on its merits. 21 R. C. L. 611, sec. 153.

The question, then, is, Was the proof offered by the defendants at variance with their answer, and, if so, did it mislead plaintiff to its prejudice in maintaining its action

on its merits? Pleading a contract or agreement in settlement and satisfaction of the indebtedness claimed in a foreclosure suit is not inconsistent with an admission in defendant's answer that the note and mortgage existed, and, while it is true that some of the evidence offered by the defendants seems to indicate a state of facts inconsistent with the alleged agreement, there appears to be nothing in the evidence which might not reasonably have been anticipated by the plaintiff from a reading of the defendants' answer. The plaintiff does not appear to have been misled in any way or not to have had opportunity to rebut the evidence offered by defendants, and the record shows that the plaintiff did anticipate the defense offered by the defendants and pleaded in their answer and that plaintiff offered testimony in opposition thereto. The trial court, therefore, does not appear to have committed error in overruling the objection to the testimony offered by the defendants or by permitting it to be considered by the jury.

Plaintiff also urges that the trial court erred in receiving the verdict of the jury because it was fatally defective in that, although providing for judgment for plaintiff for a specified amount, it also provided for the release of the mortgage, but the release would follow as a matter of course after the payment of the amount adjudged due. The mortgage, being regarded merely as a lien or security for a debt, must be released upon the extinguishment of the debt. Section 4023, Rev. Laws 1910; Litz v. Exchange Bank, 15 Okla. 564, 83 Pac. 790; 19 R. C. L. 439, sec. 224.

After a general finding for plaintiff as to the indebtedness by the jury, the court might provide in the journal entry of judgment for the carrying out of the jury's finding and verdict. Continental Gin Co. v. Sullivan, 48 Okla. 332, 150 Pac. 209; 38 Cyc. 1896.

The verdict as amended by the court is cured of the defect alleged by plaintiff, and plaintiff is not injured thereby, and is therefore, no longer entitled to complain. 38 Cyc. 1904.

The other errors urged by plaintiff amount to an attack upon the sufficiency of the evidence to sustain the verdict of the jury and the judgment of the trial court. This case is governed by the well-established rule that this court will not weigh the evidence where the evidence is conflicting and where there is evidence reasonably tending to support the verdict of the jury and the judgment of the trial court, in the absence of other error

urged and shown by the appellant, but will affirm the judgment of the trial court. Tulsa Street Railway Co. v. Jacobson, 40 Okla. 118, 13 Pac. 410; First National Bank v. Jenkins, 65 Oklahoma, 166 Pac. 690.

Although the evidence is conflicting and the testimony offered by the defendants is denied by the plaintiff, there is evidence in the record reasonably tending to support the verdict of the jury and the judgment of the trial court.

For the reasons stated, the judgment of the trial court will be affirmed.

HARRISON and JOHNSON, JJ., did not participate. The other Justices concur.