## KATTERHENRY et al. v. WILLIAMSON.

No. 9712—Opinion Filed May 11, 1920.

(Syllabus by the Court.)

1. **Partnership — Fictitious Names — Construction of Statutes.**

Sections 4469, 4471, 2700, Revised Laws 1910, relate to partnerships composed of two or more persons, and are not intended to apply to one person who, being the sole person interested in a business, adopts a business or trade name under which the business is conducted.

2. **Trial—Province of Jury—Weight of Evidence.**

Where there is evidence reasonably tending to sustain the issues on the part of plaintiff and the evidence on the part of the defendant conflicts therewith, a determination thereof is for the jury.

3. **Appeal and Error—Review—Sufficiency of Evidence.**

Where there is any evidence reasonably tending to support the verdict of the jury or the judgment of the court in an action of purely legal cognizance, the same will not be set aside on appeal on the ground that it is contrary to the evidence.

4 **Appeal and Error—Harmless Error—Evidence—Instructions.**

From an examination of the entire record, we are unable to say that the errors complained of, relating to the improper admission and rejection of evidence and the giving of the instructions complained of, and refusal to give certain instructions, have resulted in a miscarriage of justice or deprived the plaintiff in error of any constitutional or statutory right.

Error from District Court, Craig County; Preston S. Davis, Judge.

Action for damages resulting from land transaction by L. H. Katterhenry and wife against S. S. Williamson. Judgment for defendant, and plaintiffs bring error. Affirmed.

W. H. Kornegay and W. W. Simms, for plaintiffs in error.

C. Caldwell, for defendant in error.

McNEILL, J. This action was commenced by Katterhenry and his wife against S. S. Williamson and W. C. A. Gast for damages resulting from a certain land transaction. W. C. A. Gast was not served with summons and the issues were joined between Katterhenry and Williamson. The petition alleged, in substance, that the plaintiff Katterhenry employed Williamson to purchase a farm for him according to a certain verbal agreement, and in carrying out the terms of said agreement Williamson purchased 200 acres of land

in Craig county for plaintiff and in payment of said land plaintiff exchanged 77 acres in Iowa and paid $1,970 in cash; that for the services rendered by Williamson, plaintiff agreed to give Williamson 160 acres in Bailey county, Texas, which Williamson agreed to accept for his services in purchasing said land for the plaintiff.

It is further alleged that Williamson represented the purchase price of the land in Craig county was $75 an acre, or $15,000, and that plaintiff relied upon said statement and believed that the same was true, and acted upon the said representations, but Williamson falsely and fraudulently represented that he was purchasing the land for $75 an acre, when in truth and in fact he was purchasing the same for $35 per acre, or a total of $7,100. It is further alleged that Williamson, while acting as the agent of said plaintiff, made false and fraudulent statements as to the value of said land, in that he represented the land to be worth $75 an acre, when in truth and in fact said land was only worth $35 per acre. By reason of said facts, the plaintiffs averred damage in the sum of $7,900, and prayed judgment for said amount.

To this petition, the defendant, Williamson, filed his answer, admitting that Katterhenry owned 77 acres of land in Iowa and 160 acres in Texas. He denied that he ever acted as agent for plaintiff or made any false and fraudulent representations concerning said land, but alleged he had a written contract with the plaintiff involving an exchange of land, a copy of said contract being attached to defendant's answer. The contract provided that the plaintiffs would transfer to defendant 77 acres of land in Iowa and the 160 acres in Texas and pay $1,970 in cash, and in exchange therefor that the defendant would transfer to plaintiffs 200 acres of land in Craig county. The Iowa land and the Craig county land were transferred subject to certain incumbrances. The defendant further answered stating that the contract and deeds were deposited in the bank in escrow; that the abstracts were furnished, showing exactly what defendant was paying for the Craig county land, and the abstracts were approved and the deeds delivered, and the trade consummated, and possession of the property was given, and that plaintiff had taken possession of the land, and that the terms of the written contract had been fully carried out. To this answer the plaintiffs replied, denying that Williamson had furnished the abstract showing the price he had paid for the land, and further stated that Williamson had always represented that he was paying $75 per acre for said land, and denied that plaintiff

had ever received a copy of the contract, but by reason of his long friendship with defendant he relied upon the representations made by the defendant. With the issues thus formed, the case was submitted to the jury and the jury returned a verdict for the defendant. From said judgment, the plaintiffs have appealed.

For reversal of said judgment, the plaintiffs have set out in their brief 24 different assignments of error. The first assignment of error is that the court erred in permitting the defendant to introduce the contract, a copy of which was attached to defendant's answer, being the agreement for the exchange of the property, which contract was signed by plaintiff and Iowa Land Company by S. S. Williamson, manager.

Plaintiffs in error contend that this contract was not admissible as a legal instrument, for the reason that it showed upon its face that the contract was made by a fictitious partnership, and there was no evidence to show that said partnership had complied with section 4471, Revised Laws 1910. We are unable to see how said section can have any application to the question as to whether this contract was admissible in evidence, for the plaintiff produced Mr. Williamson as a witness, who testified as follows:

"Q. Mr. Williamson, who was the Iowa Land Company? A. Myself, doing business under that name. Q. You are the only member. A. Yes, sir."

The plaintiffs below having offered evidence that the Iowa Land Company was composed of S. S. Williamson, doing business under that name, and the contract being signed by Iowa Land Company by S. S. Williamson, if we apply the rule announced by this court in the cases of Robinovitz v. Hammil, 44 Okla. 437, 144 Pac. 1024, Roberts v. Mosier, 35 Okla. 691, 132 Pac. 678, and Oklahoma Fire Insurance Co. v. Wagester, 38 Okla. 291, 132 Pac. 1071, to these facts, the section of the statute which plaintiffs in error rely upon has no application to the contract in the case at bar.

The plaintiffs in error have set out in their brief 23 additional assignments of error and, with the exception of one or two of said assignments, they have presented no authorities to support any contention made. Several of the assignments of error admit that they are not sufficient to cause a reversal of the case, but counsel feel that the court should have ruled otherwise, although admitting the rulings made by the court were largely discretionary with the court.

The 12th assignment of error raises the question of the refusal of the court to give an instruction which in effect was an instruction directing the jury to find in favor of the plaintiffs and against the defendant, while counsel for plaintiffs in error suggest in their brief as follows:

"In order for the court to definitely determine the correctness of the court's ruling upon this instruction, it might be necessary for the court to read the entire record, and perhaps there is no judge of the Supreme Court who would want to do so, although occupying the position of a reviewing court."

We desire to say from an examination of the entire record and a careful reading of all the evidence that was offered by the plaintiffs, we have no hesitancy in saying that the trial court did not commit error in re fusing this peremptory instruction, for the following reasons:

First, plaintiffs alleged that they had employed the defendant to purchase 200 acres of land in Craig county and in payment of said services rendered by the defendant they paid or gave to the defendant 160 acres of land in the state of Texas as consideration. Plaintiff L. H. Katterhenry states that he made this oral contract with the defendant while going up the stairs to the defendant's office. During the cross-examination the plaintiff admitted that after going up the stairs to defendant's office, or shortly after he alleges the oral contract was made, he executed a written contract with the defendant, or the Iowa Land Company, wherein it was agreed that he, as party of the first part, and the Iowa Land Company, as party of the second part, should exchange certain lands, and it was provided in said written contract that the plaintiffs should convey to the defendant or any party it desired the 77 acres of land in Iowa, subject to $3,100 incumbrance and interest thereon, for the consideration of $9,625; also 160 acres in Bailey county, Texas, free and clear of incumbrance, for $3,000, and to pay $1,970 cash. It then provided that the party of the second part should convey to the plaintiff 200 acres in Craig county, Oklahoma, consideration being $15,000, subject to a $3,500 mortgage. The defendant testified, denying agency, and stating that the transfer of land was according to the terms of the written contract.

In view of the fact that the records disclose that plaintiffs' suit was based upon a verbal contract, wherein it was alleged, Katterhenry had employed the defendant as their agent to purchase certain lands, and the de fendant denied this fact and pleaded there was a written contract, and the written contract was introduced in evidence, we certainly cannot agree, when there is such a conflict in the evidence, that it would have been proper for the court to instruct a verdict for the plaintiffs, nor would the court have been justified in instructing the jury that the verbal contract controlled over the written contract. This court, in the case of Taylor v. Insurance Company of North America, 25 Okla. 97, 105 Pac. 333, which has been followed in numerous decisions, has stated, in substance, that where the evidence is conflicting, it is error for the court to instruct a jury to return the verdict for either party.

The 5th assignment of error is based on the court's refusal to allow an amendment to the petition. Plaintiffs state in their brief as follows:

"Perhaps this allegation is set forth in the petition with sufficient clearness to meet the facts as developed, but when counsel asked for the insertion in positive terms, under ordinary conditions, this courtesy should have been awarded."

An examination of the petition discloses that the petition contains practically the same allegations which plaintiffs desired to insert by amendment; it therefore was not error to overrule the application to amend the petition.

The 4th and 6th assignments of error are based upon the ruling of the court which limited the cross-examination of the defendant, Williamson. It is conceded that the ruling of the court in regard to questions relating to the 4th assignment of error was largely within the discretion of the court. It therefore follows that the same would not be reversible error. The 6th assignment of error is based upon the refusal to permit the plaintiffs to examine the defendant, Williamson, in regard to representations made to Carl Klook. Plaintiffs in error do not set out what particular questions the court sustained the objection to and of which they complain, nor do they set out what they expected to prove by said cross-examination, and without the record disclosing what particular question they claimed the court committed error in sustaining an objection to, or without alleging what they expected to prove or elicit by said cross examination, we are unable to say that the ruling of the court was erroneous by applying section 6005, Revised Laws 1910, to the facts as disclosed by the record.

The 2nd, 3rd, 7th, and 8th assignments of error present the question of permitting in

competent evidence to be introduced and the ruling of the court which limited the cross-examination of Mr. Williamson. An examination of the record discloses no error committed by the trial court in its rulings upon either of these propositions. Nor do plaintiffs in error set out in their brief how or in what way they have been prejudiced by the rulings of the court upon any of these questions.

The 11th and 12th assignments of error refer to the refusal of two instructions. We have referred to assignment 12 heretofore in this opinion, which raised the question of the errors in regard to giving certain instructions, but the brief has designated two assignments as No. 12. An examination of these instructions convinces us that the court did not err in the giving of the same.

The 14th and 16th and 17th assignments raise the question of the refusal of the court to give certain instructions. An examination of these instructions discloses that the court properly submitted the case to the jury upon the issues raised by the pleadings, and that there was no error in refusing the instructions requested.

The 15th assignment of error is based on certain instructions, and is stated as follows:

"The 15th assignment is based on a refusal to give an instruction on the measure of damages. It will probably be contended that this instruction is covered by other instructions actually given to the jury, but in the event it is not, the principles of law therein set forth according to the decisions of this court were correct. See Silverwood v. Carpenter, 51 Okla. 745, 152 Pac. 381; Werline v. Alred, 57 Okla. 391, 157 Pac. 305."

We think an examination of the instruction discloses that the measure of damages was properly submitted to the jury and embraced in the instruction given.

We are therefore unable to say, from an examination of the entire record, that the ruling upon any of the questions presented was prejudicial.

Section 6005, Revised Laws 1910, provides that no case shall be reversed on account of evidence introduced or refused unless it affirmatively appears that the party has been prejudiced thereby or has been deprived of some substantial right. We are unable to find from the record where the plaintiffs were deprived of any of their substantial rights.

The plaintiffs brought their action upon a certain theory for damages and alleged a certain state of facts to exist, and produced testimony to support their theory of the case. The defendant answered and alleged in his answer that a different state of facts existed, and produced evidence to support his theory of the case. The court submitted the case to the jury under proper instructions, and the jury returned its verdict in favor of the defendant. This court, in case of Sallisaw v. Chappelle, 67 Oklahoma, 171 Pac. 22, states as follows:

"Where there is any evidence reasonably tending to support the verdict of the jury or the judgment of the court in an action of purely legal cognizance, the same will not be set aside on appeal on the ground that it is contrary to the evidence."

An examination of the evidence and the entire record discloses there is sufficient evidence to support the verdict of the jury. Being unable to find any prejudicial error in the record, the judgment of the trial court is therefore affirmed.

RAINEY, C. J., and HARRISON, KANE, JOHNSON, and PITCHFORD, JJ., concur.