## TOWNSEND v. BABB.

No. 10761—Opinion Filed Oct. 3, 1922.

(Syllabus.)

### Appeal and Error — Review — Questions of Fact—Verdict.

In a law action to recover money, where the case is tried to a jury and submitted under proper instructions given by the court and there is any evidence reasonably tending to support the verdict, the judgment will not be set aside on appeal on the ground that the verdict and judgment is not supported by the evidence.

Error from District Court, Choctaw County; J. W. Bolen, Assigned Judge. .

Action by H. A. Babb against John D. Townsend to recover a money judgment. Verdict and judgment in favor of the plaintiff, and defendant appeals. Affirmed.

I. L. Strange, for plaintiff in error.

Jordan & Burke, for defendant in error.

MILLER, J. This action was commenced in the justice court before L. W. Oaks, a justice of the peace in and for the city of Hugo, county of Choctaw, Okla., by H. A. Babb, as plaintiff, against John D. Townsend, as defendant, to recover the sum of $136, which the plaintiff claimed was due as a real estate commission on account of the sale of a certain tract of land referred to as the Lon Williams farm. On the trial of the case in the justice court judgment was rendered in favor of the plaintiff for the amount sued for. The defendant appealed to the district court of Choctaw county, where the case was tried to a jury, which resulted in a verdict in favor of the plaintiff for the amount sued for. Judgment was rendered in accordance with the verdict of the jury. The defendant filed his motion for a new trial, which was overruled, saved all necessary exceptions, gave notice of appeal, and appears here as plaintiff in error. For convenience, the parties will be referred to as they appeared in the lower court.

Defendant, Townsend, sets out four specific assignments of error as follows:

"(1) Said court erred in overruling the motion of plaintiff in error for a new trial.

"(2) That the verdict, or decision, is not sustained by sufficient evidence, and is contrary to law.

"(3) Said court erred in overruling the request of the plaintiff in error for a peremptory instruction for the defendant in said action.

"(4) Said court erred in ruling out certain evidence in favor of plaintiff in error, and in admitting evidence on the part of the defendant in error."

The only error attempted to be discussed by the defendant is that the verdict of the jury is not sustained by the evidence. In his brief he sets out excerpts of the evidence which show conclusively that there is a conflict in the evidence. Under the evidence the jury could have rendered a verdict either in favor of the plaintiff or the defendant and the verdict would have been sustained by the evidence. Following the well-known rule announced by this court, that where there is any evidence reasonably tending to support the verdict it will not be disturbed on appeal, the judgment of the trial court should be affirmed. Bass v. City of Atoka, 76 Okla. 58, 184 Pac. 573; Baker-Hanna-Blake Co. v. Paynter-McVicker Gro. Co., 73 Oklahoma, 174 Pac. 265; Aetna Bldg. & Loan Assn. v. McCarty, 78 Okla. 187, 189 Pac. 357; Stewart v. Riddle, 76 Okla. 70, 184 Pac. 443; Railway Mail Ass'n v. Edwards, 79 Okla. 33, 191 Pac. 159; National Candy Co. v. Alton Mercantile Co., 85 Okla. 42, 204 Pac. 283; Lusk et al. v. Bandy, 76 Okla. 108, 184 Pac. 144; Terrel Co. v. Davis, 77 Okla. 302, 188 Pac. 676; Katterhenry et ux. v. Williamson, 78 Okla. 221, 190 Pac. 404; West v. Oakey, 84 Okla. 59, 202 Pac. 318.

In this case defendant, Townsend, gave a supersedeas bond in the sum of $500 with J. P. Ward as surety on the bond. A copy of said bond is attached to and made a part of the case-made. The defendant in error is entitled to judgment against the surety on the supersedeas bond. Therefore it is by this court considered, ordered, adjudged, and decreed that the defendant in error, H. A. Babb, do have and recover of and against J. P. Ward the sum of $136, together with interest thereon at the rate of six per cent. per annum from the 3rd day of May, 1918, and the costs of this action, and that this judgment be spread of record in the office of the court clerk of Choctaw county, Okla., and that execution be issued thereon against the judgment debtor herein.

The judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, KENNAMER, and NICHOLSON, JJ., concur.