## STOUT v. MOTT.

No. 14920—Opinion Filed Dec. 9, 1924.

**1. Brokers—Right to Commission—Procuring Property for Buyer.**

A broker employed to secure property of a certain character for a purchaser is entitled to his commission if during the continuance of his agency, he is the efficient or procuring cause of the execution of the contract, though the actual agreement is made with the owner of the property, and the broker will be regarded as the procuring, efficient cause if his efforts are the foundation upon which the negotiations resulting in the purchase are begun.

**2. Trial—Instructions—Conformity to Evidence.**

Instructions in all cases should run to the facts and to all proper deductions and inter-

pretations of them, and not to questions not presented or covered by the evidence.

### 3. Same—Refusal of Inapplicable Instructions.

It is not error .for a court to refuse to give a requested instruction, .although it may correctly state an abstract proposition of law. where there are no facts adduced that could constitute a basis for such instruction.

### 4. Same—Refusal of Requests Covered in Charge.

It is not error to refuse a requested instruction that correctly states the law, if substantially the same instruction is embodied in the charge of the court to the jury, and the instructions as a whole correctly state the law applicable to the evidence.

### 5. Appeal and Error—Review—Sufficiency of Evidence.

Where the evidence is conflicting and the cause is submitted to the jury under instructions correctly stating the law applicable thereto, this court will not disturb the judgment rendered on such verdict, where there is any competent .evidence reasonably tending to support the verdict.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Nowata County; A. C. Brewster, Judge.

Action by Fred ˙H. Mott against W. E. Stout to recover 5% commission for procuring certain oil leases. Judgment for plaintiff, and defendant appeals. Affirmed.

William S. Hamilton and John F. Pendleton, for plaintiff in error.

John W. Glass and Floyd A. Calvert, for defendant in error.

Opinion by RUTH, C. Defendant in error will be designated as plaintiff and˙the plaintiff in error as defendant, as they appeared in the trial court. Plaintiff alleges in his petition that he is a broker, dealing in oil and gas leases, and defendant engaged his services. as broker, and agreed to pay plaintiff five per cent. commission on the purchase of leases produced by plaintiff, and plaintiff hereafter and under the agreement procured and was the procuring cause of defendant purchasing certain holdings of the Sebastian Oil Producing Company, for the sum of $31,820, and plaintiff sues to recover $1,591 as commission.

Plaintiff further alleges defendant withheld the filing of the papers for a long period of time after the sale was consummated, and also assigned the pay from the oil and gas produced to the First National Bank.of Parkersburg, West Va., for the purpose of defrauding plaintiff out of his commission.

Defendant answers by general denial and denies specifically the employment of plaintiff, or that he was the procuring cause of the purchase.

Defendant further answering says that through a secret partner of plaintiff, defendant became acquainted with plaintiff, ·and the secret partner informed defendant that plaintiff had an option on certain oil lands and had deposited $1,000 for such option; that the statements were false; that plaintiff was an intermeddler attempting by fraud to extort a commission from defendant. That he learned of the fraud and refused to accept plaintiff's offer, .but afterwards purchased the leases through another person. Upon the issues joined the cause was tried to a jury and from the judgment rendered for plaintiff, the defendant appeals, and assigns as error: First, the court erred in excluding proper testimony offered by defendant: second. the court erred in refusing to give instructions Nos. 1, 2, 5, 6, 7. 8, and 10, offered by defendant; third, the court erred in giving instructions Nos. 5 and 6.

It appears one J. C. Fowler was in the employ of plaintiff, and was to receive one third of the commission for procuring the purchaser. Defendant offered to prove by Fowler that Fowler did not tell Stout or Creps, Stout's friend, that he, Fowler, would make anything out of the sale. This proffered testimony is clearly immaterial as plaintiff could divide his commission with any person he chose to employ to assist him in consummating the sale.

˙Defendant further offered to prove by Fowler on cross-examination, that Mott pretended to put up $1,000 in a certain bank, to secure an option on the land; that the option was only for ten days from August 10, 1921. That the Sebastian Oil Company did not know Mott was connected with the deal; that Mott had agreed to purchase the leases for himself; that plaintiff placed a draft in the bank to secure the option; that he never forfeited the $1,000; there was extension of the ten days option and that H. D. French was the agent of the Sebastian Oil Company ifor the sale of their leases, and that the Sebastian Oil Company paid French a five per˙cent. commission.

If plaintiff had secured an option certainly he was in a position to deliver the leases to defendant, and was in possession

of all the conditions upon which the leases might be obtained, and even though his option expired on August 20th and defendant purchased the leases on August 21st, and plaintiff did not forfeit his $1,000, the evidence was immaterial if plaintiff procured the defendant to purchase the lease under an agreement to receive a commission for securing leases for defendant.

That the Sebastian Oil Company did not know plaintiff had any connection with the sale was immaterial, as was the further fact that French was the agent of the Sebastian Oil Company for the sale of the leases and was paid a commission by the oil company. Plaintiff was not holding himself out as agent of the oil company, nor was he looking to the oil company for a commission, his position being, as he alleged, simply that of broker for defendant in procuring oil leases, nor is it dividing his commissions with French, the agent of the oil company. It does appear from the evidence of the officers of the oil company that French informed them he had sold the leases to Mott while Stout was in West Virginia, and before Stout ever visited Oklahoma, and French advised the oil company he, French, would expect the commission agreed upon if the deal was not closed with plaintiff, Mott, so the officers of the oil company certainly knew Mott, the plaintiff, had some interest in the sale of the leases, and we can find no error in the exclusion of this evidence by the trial court.

Defendant further assigns as error the refusal of the court to admit in evidence a letter written by one Stephen Brown of Ft. Smith, Ark.

It appears this letter was directed to the attorneys for the defendant, and counsel for plaintiff agreed it might be treated as a deposition, subject to all the rights of the parties to interpose all legal objections to the statements therein contained. Plaintiff objected to the admission of the letter for the reason the same was incompetent, irrelevant, immaterial, hearsay, and conclusions, and did not tend to sustain or deny any of the issues in the case. It is unnecessary to set the letter out in detail, it is sufficient to say the letter recited that Holiman was vice president and superintendent of the oil company, and knew as much about the sale as the writer, Brown, who was secretary and treasurer. That Holiman had authorized French to sell the leases at a certain figure, that French called Brown over the telephone and reported he had sold the leases to Mott, the plaintiff

Holiman confirmed this communication and Mott and a Mr. Berry met Brown at Nowata and agreed upon the sale. That Mott was required to and did deposit a draft for $1,000, but the draft was not paid, and a few days thereafter French and Holiman told Brown they had another purchaser, who proved to be the defendant Stout, and the deal was closed, and if Mott had anything to do with procuring the purchaser the writer did not know of it.

The contents of the letter were immaterial as the only issue in the case was whether the defendant agreed to pay the plaintiff the commission sued for, and, was plaintiff the procuring cause of the sale?

The plaintiff, through his dealings with the oil company in attempting to purchase the leases and forwarding the draft, knew the leases were for sale and the price thereof, and was not purporting to act as agent of the oil company, but as the broker employed by defendant to secure him some "shallow field" leases, and the transactions between the oil company, French, and Stout as set forth in the letter were wholly immaterial and did not tend to prove or disprove any fact in issue, and we find no error in the ruling of the court excluding the contents of the letter.

Defendant further offered a written instrument signed "H. D. French, representing W. E. Stout et al." and "J. E. Holiman, Representing Sebastian Oil Pro. Co."

This instrument purported to be the agreement between Stout, the defendant, and the oil company, for the purchase of the identical property the plaintiff, Mott, had agreed to purchase.

Defendant offered the agreement to show fraud on the part of plaintiff, and cites Mangold and Glandt Bank v. Utterback, 70 Okla. 315, 174 Pac. 542, and Hooker v. Wilson, 69 Okla. 43, 169 Pac. 1097, in support of the proposition that circumstantial evidence to show fraud is ofttimes admissible as a whole, although some of the circumstances, considered separately, would be incompetent. With these opinions we are in perfect accord, but in the instrument offered we can find no taint of fraud. The defendant purchased the leases under this agreement and considered he had secured a bargain.

There is no evidence in the record to show the plaintiff even knew such an agreement had been entered into; in fact plaintiff alleges that after securing the leases, defendant failed to file his bill of sale or assignments of leases with the county clerk for

more than one year, and assigned all pay for oil and gas to a West Virginia bank for the purpose of preventing this plaintiff from knowing defendant had purchased the leases, and for the further purpose of defrauding the plaintiff of his commissions, and as we view it, the introduction of the agreement served no purpose in this action and was properly excluded.

It avails defendant nothing that he made the agreement with, and consummated the sale through French, the agent of the oil company, or with the oil company itself, for a broker employed to secure property for a purchaser is entitled to his commission if, during the continuance of his agency, he is the efficient or procuring cause of the execution of the contract, though the actual agreement is made with the owner of the property, and the broker will be regarded as the procuring, efficient cause if his efforts are the foundation upon which the negotiations resulting in the purchase are begun. Bohnefeld v. Wahl, 97 Okla. 48, 215 Pac. 777; Treese v. Shoemaker, 80 Okla. 235, 195 Pac. 766.

Defendant levels his second assignment of error against the court's refusal to give instructions 1, 2, 5, 6, 7, 8. and 10, offered by defendant. Instruction No. 1 recites that if plaintiff procured himself to be employed through fraud; No. 6 recites that if plaintiff volunteered or intruded his services upon defendant he cannot recover, citing 9 C. J. 554-556: Murray v. Beard et al. (N. Y.) 7 N. E. 563; Powell v. Mulder (Tex.) 228 S. W. 302; Delweg v. Milwaukee Machine Co. (Wis.) 182 N. W. 726. Instructions No. 7 and 8 recite that a mere promise by purchaser to pay for past services voluntarily performed, or, after the brokers services so voluntarily performed the purchaser offers to pay the broker a certain sum, will not entitle the broker to recover in this action. citing 9 C. J. 554-5; 4 R. C. L. 299, sec. 43.

It is a well-settled principle that instructions in all cases should run to the facts and to all proper dedutions and interpretations of them, and not to questions not presented or covered by the evidence, New v. Territory, 12 Okla. 172. 70 Pac. 198, 195 U. S. 252, 49 L. Ed. 182, 25 Sup. Ct. 68.

It is not error for a court to refuse to give a requested instruction. although it may correctly state an abstract proposition of law, where there are no facts adduced that could constitute a basis for such instruction. Cosden Pipe Line Co. v. Berry, 87 Okla. 237, 210 Pac. 141; Eves Tall Chief v. Aaron, 87 Okla. 230, 209 Pac. 915; Perry v. Cobb, 4 Ind. Ter. 717, 76 S. W. 289;

City of Lawton v. McAdams, 15 Okla. 412, 83 Pac. 429; Lockwood Brothers v. Frisco Lumber Co., 22 Okla. 31, 97 Pac. 562; White v. Oliver, 32 Okla. 479, 122 Pac. 156; Miller Brothers v. McCall Co., 37 Okla. 634, 133 Pac. 183; Kennedy v. Goodman, 39 Okla. 470, 135 Pac. 936; Shuler v. Collins, 40 Okla. 126, 136 Pac. 752; Firebaugh v. DuBois, 70 Okla. 269, 173 Pac. 1126; Waters v. Dore, 50 Okla. 183, 150 Pac. 885; Fowler v. Fowler, 61 Okla. 280, 161 Pac. 227.

Was there any evidence to support the theory of defendant that plaintiff procured himself to be defendant's agent, that he volunteered his services; that he was an intermeddler and intruded himself: or that he was claiming commissions for past services. voluntarily performed?

It appears from the defendant's own testimony that defendant and one Creps were in Tulsa. looking for "shallow leases". They met Fowler who stated he had a friend who had a thousand dollars up on a "shallow lease" and asked defendant and Creps to look at it. That defendant and Creps were on their way to Depew where Creps' brother was drilling a well; they made arrangements with Fowler to meet his friend (Mott, this plaintiff). They returned to Tulsa that night, Creps called Fowler, who in turn called the plaintiff, who was introduced as the man referred to in the morning conversation; all the parties sat in the lobby of the Tulsa Hotel; plaintiff told defendant about the thousand dollar forfeit. and that on account of the death of his uncle he was afraid he would forfeit it, and would like the defendant to look it over: defendant had only been in Oklahoma 36 hours when he met the plaintiff; that he looked at the property and bought it through French, the agent of the oil company, on the same terms plaintiff was to purchase it. That he did not employ plaintiff. That the lease he bought a few days after the conversation with plaintiff was the same lease plaintiff and defendant talked about, and plaintiff told defendant it was producing about 35 barrels, and the next day he went up, looked at the lease, and placed $1,000 in escrow to bind the bargain; that during the conversation plaintiff said something like "I would want"—or "I ought to have"—I don't remember the exact words—"A commission of 5%." That defendant immediately arose and discontinued the conversation and said "Let's go to bed". That the mention of a commission "scared him out", but the very next day he went up and visited the property and purchased the same.

Defendant then offered plaintiff $591, be-

ing $1,000 less than the commission would amount to, and said he thought that ought to satisfy plaintiff, as he, defendant, had saved plaintiff a thousand dollar forfeiture. Plaintiff declined to accept the offer, saying his uncle's will had been read; and he was now in a position to handle the proposition himself, but defendant had already agreed to take the property from the oil company on the same terms plaintiff had agreed to take it.

There is no evidence that plaintiff intruded or intermeddled or procured himself to be the agent of defendant or volunteered his services.

Plaintiff never saw defendant until Fowler. at the request of defendant, called plaintiff to come to the Tulsa hotel at ten o'clock, p. m., where the conversation took place.

There is no evidence of fraud and the evidence offered having been properly excluded by the court, the court committed no error in refusing to give defendants requested instructions numbered 1, 6, 7, and 8.

Defendant's requested instruction No. 2 is to the effect that where an agent "attempts to secure commissions from both seller and purchaser he is not entitled to recover from either," citing Levy v. Gross, 46 Okla. 626, 149 Pac. 237.

We agree the law is correctly stated in the instruction, but the record discloses no evidence that plaintiff ever charged, or attempted to collect from, the oil company any commissions, and under the authorities cited herein, the instruction was properly refused.

The refusal of the court to give defendant's requested instructions numbered five and ten was not error as they are fully covered by instructions one and five given by the court, and, "It is not error to refuse a requested instruction that correctly states the law if substantially the same instruction is embodied in the charge of the court to the jury, and the instructions as a whole correctly state the law applicable to the facts in the case." Snouffer v. First National Bank of Medford, 86 Okla. 190, 207 Pac. 452; Payne v. Moore, 86 Okla. 188, 207 Pac. 558; O'Quinn v. Nothaff, 85 Okla. 215, 205 Pac. 498.

This has been the uniform holding of this court in cases so numerous that it is useless to multiply authorities, and every phase of the proposition is fully covered in cases cited on pages 639-643, vol. 4, Bobbs-Merrill Okla. Digest.

Instructions numbered five and six given by the court, and exceptions saved thereto by defendant, were as follows:

"No. 5. You are further instructed that a broker employed to secure a lease is entitled to his commission if during his agency he is the efficient or procuring cause of the execution of a lease, though the actual agreement for the lease is made by the other party with the owner of the land, and the broker will be regarded as a procuring and efficient cause if his efforts are the foundation upon which the negotiations resulting in the execution of the lease are begun."

"No. 6. You are instructed that where property is placed with a broker or agent and the agent introduces or discloses the name of the purchaser to the vendor for such purpose and through such introduction, or disclosure, negotiations are begun for the sale of the property which resulted in the sale by the owner, the broker will be entitled to his commissions."

The instructions complained of correctly state the law.

The plaintiff testified that after he talked with the defendant, the plaintiff telephoned to French, the agent of the oil company, instructing French to meet the train and take defendant out and show the property; that plaintiff did not show defendant the property for the reason plaintiff had to attend the funeral of his uncle. There was sufficient evidence to support the giving of instruction No. 6 and the giving of instructions No. 5 and 6 was not error.

The evidence in this case was conflicting, and the cause was submitted to the jury upon instructions correctly stating the law, applicable to the evidence, and the jury is the sole judge of the facts. the weight of the evidence, and the credibility of witnesses, and the verdict will not be reversed on appeal where there is evidence reasonably tending to support the verdict.

This has been the uniform holding of this court, from Purcell Mill and Elevator Company v. Kirkland, 2 Ind. Terr. 169, 47 S. W. 311, to Berquist v. Thomas, 86 Okla. 214, 207 Pac. 964, and a citation of the numerous authorities will serve no good purpose.

Where the evidence is conflicting and the cause is submitted to the jury under instructions correctly stating the law applicable thereto, this court will not disturb the judgment rendered thereon, where there is any competent evidence reasonably tending to support the verdict. Incorporated Town of Wetumka v. Burke, 88 Okla. 186, 211 Pac. 522; Townsend v. Babb, 87 Okla. 195, 209 Pac. 735; Young v. Eaton, 82 Okla. 166. 198 Pac. 857; Mounts v. Boardman Co.,

79 Okla. 90, 191 Pac. 362; Katterhenry v. Williamson, 78 Okla. 221, 190 Pac. 404.

For the reasons herein stated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 9 C. J. § 95; (2) 38 Cyc. p. 1617; (3) 38 Cyc. p. 1619; (4) 38 Cyc. p. 1711; (5) 4 C. J. § 2836.