**SILER et al. v. KENNEDY et al.**

No. 12456—Opinion Filed Dec. 4, 1923.

Rehearing Denied Jan. 15, 1924.

Second Rehearing Denied Feb. 29, 1924.

1. **Appeal and Error—Absence of Answer Brief—Disposition of Cause.**

If after the submission of the cause and notice to the parties to file brief, the plaintiff in error files his brief, and the defendant in error fails to file brief or secure an extension of time in which to so do, if the argument and authorities cited by the plaintiff in error reasonably tend to support the errors assigned for reversal, the court may reverse and remand the cause or may modify or affirm the cause as the merits of the appeal may require.

2. **Sufficiency of Evidence.**

The verdict of the jury for the plaintiffs, who are defendants in error here, is supported by sufficient evidence.

3. **Affirmance of Cause.**

Record examined; held, there is no error and that the appeal ought to be affirmed.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by Mrs. M. H. Kennedy and Andrew Kennedy against Wymer Siler and Edith Siler for recovery for commission for the sale of real estate. Judgment for plaintiffs. Defendants bring error. Affirmed.

W. J. Davidson, for plaintiffs in error.

Charles H. Garnett, for defendants in error.

Opinion by STEPHENSON, C. The pleadings and evidence disclose that the defendants placed with the plaintiffs a certain tract of real estate for sale on commission. The plaintiffs secured a purchaser who agreed to pay a sum satisfactory to the defendants and the latter agreed to pay the plaintiffs the usual commission of $275 for the sale, out of the purchase price. The purchaser and all parties came to the office of the plaintiffs to prepare the papers. At the office it appears that the son of the defendants complained to the plaintiffs that her commission was excessive, and that he could secure a real estate man who would put the transaction through for $75. On cross-examination the plaintiff testified in the course of the conversation, the purchaser offered her $75 as additional compensation which she did not communicate to the seller. The plaintiff Mrs. M. H. Kennedy handled the transaction leading up to the sale and showed the property to the purchaser. She testified that she refused to accept the $75 as commission offered by the defendants, and the defendants and the purchaser then went to another real estate office where the deeds were executed and transaction completed. Mr. Brady, who was the purchaser, in the trial of the cause gave in part the following answer in relation to his offer to pay the plaintiff the additional $75 in connection with the sale:

"Mr. Siler and Mrs. Kennedy and Mrs. Siler was in the house. I think I was down there before Mr. Siler came—It seems to me like I was—and so Mr. Siler came in and told Mrs. Kennedy, he says, 'You will have to get more money than that, I have got an offer of $6,000 net'; and I told Mrs. Kennedy—she went back in the little room like, a few feet from where they were all setting, and I walked in there and told her, I says, 'If it is the party that I have reference to that has offered him a better deal than that, I will make the same proposition to you; I will give you $6,075: and she says, 'No, I have got to have my full commission': and so Siler and myself walked up to Robert's office and there the deal was closed."

The matters last testified to occurred after the agreement of the defendants to pay

the plaintiffs as their commission $275 out of the purchase price. The defendants mainly defended the action on the ground that the plaintiffs had agreed to accept a commission from the purchaser, without the knowledge of the seller, which it is claimed placed the plaintiffs in the attitude of agreeing to accept a commission from both parties. We think the evidence presented a question of fact for submission to the jury. All issues of fact were submitted to the jury under proper instruction and in the trial of the cause the jury returned a verdict for the plaintiffs in the sum of $275. The defendants have appealed the cause to this court and assign error in the following particulars: (1) Error of the court in overruling the demurrer of defendants to the evidence of the plaintiffs; (2) that the trial court erred in overruling the motion of the defendants to direct a verdict in favor of the defendants; (3) insufficient evidence to support the verdict of the jury.

The first two errors could only follow from the failure of the plaintiff to make proof of the allegations set forth in her petition. There appears to be no dispute between the parties on the question of the listing of the real estate with the plaintiff, and of the sale by the plaintiff for a sum of money acceptable to the defendants, and the agreement of the defendants to pay the plaintiff a commission of $275, or the usual commission for a $6,000 sale. The defendants sold and conveyed the property to the purchaser found and introduced to them by the plaintiff. The defendants rely on the supposition that the plaintiffs agreed to take and accept a commission from both grantors and grantee, without the knowledge and consent of the grantors. This conclusion is not born out by the evidence. The question was an issue of fact for submission to the jury. The verdict of the jury carried a finding for the plaintiffs and against the defendants on every material issue involved in the cause. The court did not commit error in submitting the question of recovery to the jury and there is sufficient testimony to support the verdict of the jury. The defendants in error have not filed brief, but as an examination of the record shows that the trial was free from error, the cause ought to be affirmed.

By the Court: It is so ordered.