## CASSIL v. CARTER.

No. 14622—Opinion Filed Feb. 12, 1924.

Rehearing Denied March 4, 1924.

**1. Evidence — Books of Original Entry — Sufficiency of Identification.**

Where it is shown that the manner and custom of plaintiff in his mercantile business in reference to his sales accounts was for the salesmen to use duplicate sales slips, the original being given to the customer and the duplicate to the bookkeeper, and that the bookkeeper within a day or two made up the ledger accounts from these sales slips, no day book or journal being used, such ledger is a book of original entry and is admissible upon proper identification. Such identification is sufficient if it shows the manner and custom of conducting the business, that the book offered is the identical ledger used in the business, and that the entries therein were practically contemporaneous with the transactions shown by it.

**2. Appeal and Error—Trial to Court—Review—Sufficiency of Evidence.**

In a law case tried to the court a general finding in favor of the plaintiff will not be disturbed on review by this court where there is evidence in the record which reasonably supports such findings and judgment although there is a conflict of the evidence on some of the questions of fact involved.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Jefferson County; E. L. Dillard, Judge.

Action by P. H. Carter against C. Cassil and R. Cassil. Judgment for plaintiff, against R. Cassil, from which he appeals. Affirmed.

P. H. Carter brought this action in the county court of Jefferson county against C. Cassil and R. Cassil upon a merchandise account for the sum of $112.14 and interest. C. Cassil is the wife of R. Cassil and it appears from the record that during the period covered by the account sued on a portion of the items in said account were purchased by her and a portion by her husband, R. Cassil. It seems from the record that prior to the marriage of the defendants the wife had a merchandise account with the plaintiff and after the marriage the account of both husband and wife was carried on the books of the plaintiff in the name if the wife, and that defendant, R. Cassil, knew of this and acquiesced therein. Upon the trial the defendant R. Cassil assumed full responsibility for all merchandise purchased for the use of his family, and at the close of all the testimony the court discharged Mrs. Cassil with her costs and rendered judgment in favor of the plaintiff against R. Cassil for the full amount of the account sued on, and after unsuccessful motion for new trial said defendant has brought the case here for review. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

Green & Pruet, for plaintiff in error.

D. F. Spradling, for defendant in error.

Opinion by LOGSDON, C. This case was tried in the court below without the intervention of a jury, the parties having agreed to waive a jury and submit the issues of fact and law to the court. In the brief of defendant only two propositions are presented and argued, which are as follows:

(1) "The court erred in admitting in evidence the ledger of the plaintiff.

(2) "The evidence of the plaintiff was insufficient to warrant a judgment against the defendant, R. Cassil."

The testimony showed that plaintiff's manner and custom in the conducting of his merchandise business was to have all sales made by his clerks entered upon sales slips, which were prepared in duplicate, the original being delivered to the customer and the carbon copy being delivered to the bookkeeper. The bookkeeper transferred the items shown on these sales slips to the accounts of the respective customers shown upon the ledger. No day book or journal was kept, but the sales slips and ledger constituted the only records of sales. It is urged by defendant that the trial court erred in admitting the ledger showing the account in question as evidence in the case for the reason that it is not a book of original entry and was not properly identified. The ledger and the account in question were identified by both plaintiff and his bookkeeper, and both testified to the manner of conducting the business as above stated. Therefore the objections of defendant to the admission of the ledger in evidence were not well taken under the authority of Navarre et ux. v. Honea et al., 41 Okla. 480, 139 Pac. 310, wherein this court held:

"Books of account, consisting of entries made at or near the time of the transactions to which they relate, and made directly from reports of salesmen in the form of written memoranda not compiled or preserved in book form nor otherwise in respect to convenience similarly available, are books of original entry."

But aside from this the testimony showed that practically all of the items shown in the account in question were testified to by witnesses who had personal knowledge of the transactions covered by such account. This evidence was competent under the authority of Whitcomb v. Oller et al., 41 Okla. 331, 137 Pac. 709, wherein this court held:

"It is competent for one who has personal knowledge of a transaction to testify thereto, although books of account covering the transaction are kept by the creditor."

It may be further observed that the defendant upon the witness stand was unable to specify wherein the account sued on was incorrect or wherein said account showed any items wrongfully charged against him or his wife. In fact, the testimony for the defendant was directed principally to a denial of the authority of plaintiff to charge said account in the name of the wife. The first proposition contended for by defendant is, therefore, not sustained by the record.

Under the second proposition the contention of defendant is that since the account was charged in the name of C. Cassil, and that plaintiff claimed no account against R. Cassil, that the judgment of the trial court was erroneous for this reason. The defendant upon the witness stand admitted the purchase of the majority of the items stated in the account, and admitted that others not purchased by him but by his wife were used by and for the benefit of his family. The fact that the account was created by purchases by both defendant and his wife and that they received the benefit thereof would entitle the plaintiff to a recovery against

both as the action was originally brought, but by defendant's testimony upon the stand he absolved his wife from all liability for said account, and assumed personal liability therefor in so far as its correctness was established by the testimony of the plaintiff.

No material error prejudicial to the substantial rights of the defendant is shown by either of the propositions urged in the brief. The court seems to have reached a right conclusion upon the facts shown by the evidence and its judgment should, therefore, in all things be affirmed.

By the Court: It is so ordered.