## OKLAHOMA NATURAL GAS CO. v. McFARLAND.

No. 13751—Opinion Filed Sept. 23, 1924.

**1. Evidence — Books of Account—Admissibility—Statute.**

Where books of account are offered in evidence, their admissibility is determined by the provisions of section 653, Comp. Stat. 1921, but their probative value is determined by what they disclose, in the light of all the other evidence in the case.

**2. Appeal and Error — Witnesses—Cross-Examination — Prejudicial Abuse of Right.**

Cross-examination of witnesses in court is a valuable and undeniable right in developing the truth of any controverted fact, but there are legitimate limits to the exercise of this right, beyond which its exercise becomes an abuse. Where questions not relevant or germane to any issue under investigation, but tending merely to the prejudice of the substantial rights of a party, are permitted by the trial court to be indulged and persisted in over timely and repeated objections, this court will reverse a judgment based on a verdict which is without substantial support in the evidence and evidently resulting from the prejudice thus improperly created.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Creek County; H. S. Williams, Judge.

Action by Oklahoma Natural Gas Company, a corporation, against Z. L. McFarland. Judgment for plaintiff for $160.15, and plaintiff brings error. Reversed.

Plaintiff commenced this action to recover on an open account for gas service furnished to the St. James Hotel in the city of Sapulpa, of which defendant is manager. The account sued on covers the meter month from November 17 to December 18, 1920, and the portion of the following meter month from December 18, 1920, to January 11, 1921, when service was discontinued. The amount sued for was $986.49, being the balance claimed after crediting defendant's account with $250 theretofore deposited with plaintiff by defendant.

The material allegations of defendant's answer are that he paid in full for the service furnished during the calendar month of November, 1920; that he owes for the calendar month of December, 1920, and for January, 1921, up until the 11th; that he consumed no more gas during December than he did during November, and that the November bill was $308.93, which amount he is willing to pay for December; that during the ten days in January, 1921, he consumed gas at no greater rate than during November, 1920, and he is willing to pay for January pro rata on the November basis, or an amount of $115.97, making a total which he is willing to pay for December and the ten days in January of $424.90; from this he asks to have deducted the deposit of $250, with interest thereon at $14.75, leaving a balance of $160.15,, which he tendered into court in full settlement of plaintiff's claim. Trial was had before a jury January 4.

1922, resulting in the adoption by the jury of defendant's tender as the measure of plaintiff's recovery, and judgment was entered on this verdict. After unsuccessful motion for new trial plaintiff has brought the case here by petition in error with case-made attached for review.

McDougal, Allen & Pryor, for plaintiff in error.

Thompson & Smith, for defendant in error.

Opinion by LOGSDON, C. Only two propositions are presented and argued by plaintiff in its brief, the first of these being that the trial court erred in overruling plaintiff's motion for a directed verdict. This contention is based on the provision of section 653, Comp. Stat. 1921 and decisions of this court thereunder. This section reads:

"Entries in books of account may be admitted in evidence when it is made to appear by the oath of the person who made the entries that such entries are correct and were made at or near the time of the transaction to which they relate, or upon proof of the handwriting of the person who made the entries, in case of his death or absence from the county, or upon proof that the same were made in the usual course of business."

Plaintiff's contention is that this statute constitutes such books, when properly identified, sufficient evidence to make out a prima facie case This statement may be granted, but its correctness is not because of any probative value imparted to the books by the statute. The statute simply announces a rule for their admission in evidence. When properly identified and admitted in evidence their probative value is determined by their contents, and if they show an indebtedness they make a prima facie case in the absence of evidence impeaching their correctness. The cases of Navarre et ux. v. Honea et al., 41 Okla. 480, 139 Pac. 316, and Cassil v. Carter, 98 Okla. 49, 223 Pac. 685, relied on by plaintiff, do not go further than above stated in the application of this statute. In a law action a mere prima facie case, where there is opposing evidence, does not authorize a directed verdict because of the province of the jury to determine the facts.

Under the second proposition plaintiff complains of error of the court in the admission of evidence. Defendant had alleged in his answer that he paid the bill for the calendar month of November, and in support of this defense, over the objections and exceptions of plaintiff. he was permitted to testify in reference to a statement of his account made by himself "up to December" and that it was correct; that he made it up from receipts which he had; these receipts were not produced; plaintiff's evidence showed that the meter month commenced November 17, and ended December 18. If defendant held a receipt for service up to December 1, it was his duty to produce it, and the court erred in permitting the introduction in evidence of this statement prepared by defendant to show that he had paid "up to December." As making this testimony more prejudicial, and in connection with his testimony concerning this statement, defendant identified a check which he testified was "the last check; that was for the month of November." This check, as read to the jury by defendant's counsel, and shown at page 61, bears no date, no indorsement and no cancellation stamp. This court is unable to determine from the record whether this check was paid in October, or November, or December, or whether it was ever paid. If the jury had more information concerning this check it is not preserved in the record. There was manifest and prejudicial error in the admission of the statement complained of, and this was accentuated by the reading of the check to the jury.

When the witness A. B. Brocken was upon the stand as a witness for plaintiff the following occurred upon cross-examination, merely noting the objections and rulings without copying them in full:

"Q. After you learned how much gas they had charged to that place you went down there? A. Yes, sir. Q. It excited your curiosity, didn't it? A. Not a bit. Q. You found out at that time by reading that paper that some man handed in to you (the monthly meter reading) that you had these people charged for more gas for this month than for the same meter the entire year, and your books say so? Mr Allen: Objection. Court: Overruled. Q. The books show you charged these people more for gas in November and December than you had during the entire year?" (C.-M. p. 39.)

Admittedly the charges made against defendant on plaintiff's books corresponded with the meter readings for the period covered. No effort was made to show that the meter readings were incorrect, and no effort was made to show that the meters were defective. The witness had testified that the rate charged was that fixed by order of the Corporation Commission. This testimony is not disputed. This character of cross-examination could throw no light on the issues raised by defendant's answer, viz.: that he had paid in full for the service up to December 1, and that the service for December and January should be paid for on the basis of the November payment. Not being material to any issue before the jury, the

court should have sustained the objection. This error of the court, if standing alone, would not be reversible, but it is merely one of a long series of progressively flagrant errors on cross-examination of this and other witnesses. Again:

"Q. Now, you said a while ago that the Corporation Commission fixed your prices for it? A. Yes, sir. Q. Do you want this jury to understand that you fixed your prices according to the Corporation Commission, and later on they increased your prices? Mr. Allen: Objection. Court: Objection overruled. A. Yes, sir. Q. That's the truth, isn't it, Mr. Brocken? A. We accepted the commission's rulings in the matter of rates. Q. Yes, and you tell this jury that the Corporation Commission fixed the prices that you charged for gas. Now, the truth is that you got your prices increased on application to the Corporation Commission, didn't you, and are not your prices fixed by the ordinance contract under which you operate? A. In regard to that, we accepted the commission's order they sent out here telling us the rates to be used. Q. You know what ordinance you operate under, don't you? Mr. Allen: Objection. Court: Objection overruled. A. We have a city ordinance. Q. What is the number of it? A. I could not tell you. Q. What is the price fixed in that city ordinance? A. I could not tell you. Q. As a matter of fact, you know it's 25 cents? Mr. Allen: Objection. Court: Overruled." (C.-M. pp. 42-43.)

Counsel for defendant and the trial court, both, are presumed to know the provisions of section 7, art. 18, Const., and are presumed to know the provisions of section 2 of the act of March 25, 1913 (Comp. Stat. 1921, sec. 3463), and are presumed to know the holding of this court in the case of City of Sapulpa et al. v. Oklahoma Natural Gas Co., 79 Okla. 196, 192 Pac. 224. Knowing these things, they must have known that this line and character of cross-examination was highly improper, not germane to any issue in the case, and that it was calculated to prejudice the minds of the jurors against the plaintiff. The court should have promptly sustained the objection to this character of cross-examination, and its refusal to do so was prejudicially erroneous. Again:

"Q. Now, you endeavor to collect a bill charged upon the book, whether right or wrong, don't you? That is what you are seeking to do. Mr. Allen: Objection. Court Overruled. Q. That is what you are seeking to do in this case; to fix this charge according to the figures on that book, when you don't know how much gas was used, do you?" (C.-M. p. 44.)

No evidence had been offered to impeach the correctness of the book account as not being correctly made up from the meter readings. Nowhere in the answer is it charged that the meters were defective or that the readings were incorrect. The mere quotation of this portion of the cross-examination renders comment superfluous.

Again, when A. C. Edwards, plaintiff's meter reader, was on the stand, the following occurred on cross-examination:

"Q. Well, did you ever know any one (meters) to go wrong? Mr. Allen: Objection. Court: Overruled. Q. You have known them to go wrong, haven't you? A. I have known them to run too slow, or something like that. Q. Didn't show gas enough used to satisfy the greed of the corporation? Mr. Allen: Objection. Court sustained." (C.-M. p. 57.)

If the integrity of the jury system and respect for the administration of the law by the courts is to be maintained, the trial and determination of civil rights in the courts must rest upon a higher plane than that disclosed by the record in this case. That provision of our Bill of Rights which guarantees that "right and justice shall be administered without sale, denial, delay or prejudice" is not a mere rhetorical flourish, but is a paladin set to keep watch and ward over the rights, liberties, and property of the citizen.

Defendant's answer alleged full payment for November, and he only tendered into court what he claimed was the balance due for December and January, $160.15. There is not a syllable of competent or material testimony preserved in the record which shows or tends to show that any part of the service for the calendar month of November, after the 17th, was paid for. The jury adopted defendant's tender as the measure of plaintiff's recovery, thereby necessarily finding as alleged in the answer, that he "paid in full for the month of November, 1920." The verdict of the jury is therefore contrary to the evidence in this regard, and the judgment based thereon is contrary to law.

The judgment of the trial court should be reversed with directions to grant plaintiff a new trial, and for further proceedings in conformity with the views herein expressed.

By the Court: It is so ordered.