## MARTIN v. McCUNE.

No. 22818. Jan. 8, 1935.

T. L. Brown, for plaintiff in error.

O. H. Searcy and J. B. Underwood, for defendant in error.

PER CURIAM. This cause comes here on proper appeal from the court of common pleas of Tulsa County, Okla. The parties will be referred to as they appeared below, the defendant in error being plaintiff and the plaintiff in error herein being the defendant.

This action was instituted to recover an alleged balance for certain work done by the plaintiff upon several building projects upon which the defendant was the building contractor. The original petition sets out that the services were rendered and the work performed between May 31, 1929, and June 6, 1929. The verified petition had attached thereto a statement of account, in which the cement projects were shown to have been performed between May 31, 1929, and July 6, 1929; the Wildwood job, later referred to as the Stumph job, showing to have been completed on or about July 1, 1929.

Thereafter, and several months before the trial, the defendant, Martin, filed his answer and amended cross-petition denying that he owed the plaintiff, McCune, any sum of money whatsoever, and, as a cross-petition, claimed that the plaintiff, McCune, was indebted to him for overpayments made to the plaintiff on the various jobs in controversy, and one of the particular jobs specified in that amended cross-petition was the Stumph job in Wildwood addition to the city of Tulsa. The issues were therefore resolved into an unmixed question of fact as to which party was indebted to the other.

The record reveals that after the case was called for trial, the plaintiff discovered his original petition to be typographically incorrect in that it stated that the services and work had been performed between May 31, 1929, and June 6, 1929, while the statement of the account attached and made a part of the petition clearly showed it was not completed until July 6th. The trial court permitted the plaintiff to amend his original petition by changing the dates in the petition and account from the dates as alleged to January 1, 1929, and July 6, 1929, and permitted both parties, plaintiff and defendant, to introduce testimony covering the entire time when the work was being performed by the plaintiff for the defendant, regardless of when such work was begun or completed.

On the ground that this amendment changed the issues, the defendant requested a continuance, which was by the court refused, and on that refusal is predicated the first assignment of error on this appeal.

It is a well-established rule in this jurisdiction that the trial court may permit an amendment which does not change the issues and that such amendment may be permitted before or after final judgment in the case. Section 251 of Oklahoma Statutes 1931, is as follows:

The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment."

That section of the statutes is immediately followed by section 252, Okla. Stats. 1931, reading as follows:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reserved (sic) or affected by reason of such error or defect."

The brief of the plaintiff in error filed herein fails to point out wherein the amendment permitted by the trial court changed the issues in any particular. We have carefully searched the record, and in our opinion there was no change. The defendant in the trial court was cognizant of the particular jobs sued on as evidenced by his answer and his amended cross-petition filed long prior to the date of trial, and, as heretofore stated, in his amended cross-petition he specifically mentioned the Stumph job of July 6th. His defense could have been no different, and a refusal of his requested continuance could not have affected his rights adversely. In amending the dates the court simply extended to both parties the privilege of introducing full testimony as to the particular jobs in question without regard to time. The question of when the particular work was performed was not of material importance, and the court's refusal of a continuance would not therefore amount to an abuse of the trial court's discretion. This court, in the case of Alva Roller Mills v. Simmons, 74 Okla. 314, 185 P. 76, said:

"The granting or refusing of a motion for a continuance is a matter addressed to the sound discretion of the court; and, in the absence of the abuse of such discretion, its action will not be disturbed on appeal."

This court has many times emphatically announced the rule that it is the duty of the trial court to give upon its own motion a substantially correct and proper instruction as is applicable to the facts and issues joined. See Beams v. Young, 92 Okla. 294, 222 P. 252; Okla. Prod. & Ref. Corp. v. Freeman, 88 Okla. 166, 212 P. 742; First Natl. Bank v. Cox, 83 Okla. 1, 200 P. 238; Stout v. Mott, 105 Okla. 74, 231 P. 532.

Likewise, this court has repeatedly held that if the general charge as given by the trial court fairly submits the issues of fact to the jury, a refusal to give a requested special instruction covering an issue of fact submitted under the general charge will not work a reversal of the case. See Livingston Oil Corp. v. Shefts, 92 Okla. 292, 219 P. 101; Mills v. Williams, 87 Okla. 190, 209 P. 771; Mills v. Stewart, 87 Okla. 189, 209 P. 770; City of Cushing v. Bay, 82 Okla. 140, 198 P. 877.

We have carefully examined the general charge of the trial court as given in this case, and it is the opinion of this court that the general charge as given fairly presented the law applicable to the facts and issues before the jury, and refusal to give the special instruction requested by the defendant did not constitute error. The trial court correctly submitted the issues of fact relating to the claims for the debt by the plaintiff and by the defendant on his cross-petition in a full and complete instruction.

This court has at all times adhered to the rule that if there is any testimony that reasonably tends to support the verdict of the jury, or if a reasonably prudent person might arrive at a different conclusion from the evidence, then this court on appeal will not reverse a case for insufficient evidence or disturb the verdict of the jury.

In compliance with Rule 21 of this court, the defendant in error on this appeal has prayed for judgment on the supersedeas bond, the same being duly certified in the transcript of the record appearing here. It is, therefore, ordered, adjudged, and decreed by this court that the judgment of the trial court in this case be, and the same is hereby, in all things affirmed, and that the defendant in error, Orville McCune, have judgment on the supersedeas bond filed herein,

and against H. M. Martin as principal on said bond, and M. A. Steele, as surety thereon, for the sum of $222.14, the amount of said judgment, with interest as provided in said judgment, together with all costs taxed at $——.

The Supreme Court acknowledges the aid of Attorneys D. S. MacDonald, A. H. Ferguson, and Don Welch in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. MacDonald, and approved by Mr. Welch and Mr. Ferguson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.