## PENNER et al. v. INTERNATIONAL HARVESTER COMPANY OF AMERICA.

No. 24403.    March 5, 1935.

Jones & Wesner and R. N. Linville, for plaintiffs in error.

Black & Black, for defendant in error.

PER CURIAM. This action was brought by defendant in error against H. C. Penner, who is not a party to this appeal, as principal obligor on 21 separate promissory notes, and against the plaintiffs in error as guarantors under a written guaranty of payment at maturity of all indebtedness incurred during 1929 for goods purchased from defendant in error by H. C. Penner. H. C. Penner confessed judgment, and after hearing evidence the trial court rendered judgment against each of the plaintiffs in error upon the written guaranty for the amount claimed.

The instrument of guaranty recited that for a valuable consideration, receipt of which was acknowledged, the undersigned guaranteed payment at maturity of all indebtedness incurred during the year 1929 for goods sold and delivered by defendant in error in the regular course of business to H. C. Penner, and further recited that the guarantor waived notice of any purchases made, notice of acceptance and notice of

default. It also recited that guarantor agreed that the written acknowledgment of the debtor or the judgment of any court establishing the amount due from him should be conclusive, and binding upon the guarantor.

The guarantors are liable only in case the indebtedness represented by the notes was incurred in the year 1929. The notes were introduced in evidence and were dated 1929. One witness testified that the indebterness was incurred in 1929. Plaintiffs in error contend that this evidence was insufficient. They also contend that the judgment was unwarranted because there was no evidence that the guaranty was ever accepted or that there was any consideration paid therefor by the guarantee to the guarantors, or that the guarantee requested them to sign as guarantors.

The evidence that the indebtedness was incurred in 1929 was competent and not controverted. The witness testified that during the year 1929 he was credit man for the plaintiff company, and was familiar with the account of H. C. Penner and had with him the books showing such account. He testified that the notes represented indebtedness incurred by H. C. Penner during the year 1929, after first stating that he knew the facts in regard to same. This is not an action on an account. It is not even upon the notes. It is upon a written guaranty. The amount recoverable, if any, was not in issue. The matter in issue was whether the transactions occurred in the year 1929. Even in actions on accounts this court has held that it is competent for one who has personal knowledge of a transaction to testify thereto, although books of account covering the transactions are kept by the creditor. Cassil v. Carter, 98 Okla. 49, 223 P. 685. We cannot agree with the contention of plaintiffs in error that this testimony was objectionable as being a conclusion of the witness and not the best evidence. In the language of Whitcomb v. Oller, 41 Okla. 331, 137 P. 709: "This evidence was eminently proper and of the highest character."

The guaranty recites that notice of acceptance is waived. Where, by the terms of the guaranty, notice of acceptance is expressly waived by the guarantor, there is no reason to give notice. 12 R. C. L. 1070. Furthermore, the instrument involved here is in terms an absolute guaranty, not a mere offer of guaranty, and under Oklahoma Statutes 1931, section 9605, no notice

of acceptance was necessary. As in Miller v. Oil Well Supply Co., 79 Okla. 135, 191 P. 1094, the execution of the guaranty and the arrangement for credit were contemporaneous and parts of the same transaction. As above stated, the instrument in the present case does not purport to be an offer of guaranty. On the contrary, it recites an absolute and unconditional guaranty of payment at maturity.

It is not necessary that the benefit of the consideration accrue to the promisor. International Harvester Company of America v. Patterson, 257 Fed. 411; Violett v. Patton, 5 Cranch (U. S.) 142, 3 L. Ed. 61. The consideration may be sufficient although the entire benefit accrues to the debtor. In this case, the extension of future credit to the principal debtor in reliance upon the guaranty, as was shown by the evidence, was sufficient as against the objection that the guaranty was without a valuable consideration. Oklahoma Statutes 1931, section 9602.

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys A. B. Honnold, A. M. Widdows, and C. H. Rosenstein in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Honnold and approved by Mr. Widdows and Mr. Rosenstein, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.