E. J. BURKE, Plaintiff in Error,

v.

E. R. McKEE, Defendant in Error.

No. 37265.

Supreme Court of Oklahoma.

Nov. 27, 1956.

Roy Frye, Sr. and Roy Frye, Jr., Sallisaw, for plaintiff in error.

J. Fred Green and Fred D. Green, Sallisaw, for defendant in error.

WILLIAMS, Vice Chief Justice.

This action was brought by E. R. McKee, hereinafter referred to as plaintiff, against E. J. Burke, hereinafter referred to as defendant, to recover for work done in knocking down timber and decking said timber in windrows on land belonging to defendant, pursuant to an oral contract between the parties. The cause was tried to the court, a jury being waived, and judgment rendered for plaintiff on a quantum meruit basis in the amount of $1,-154. Defendant's motion for new trial was overruled and he appeals.

As his first proposition of error, defendant contends that the judgment of the trial court is not reasonably supported by competent evidence.

While there is some conflict in the evidence, there are substantial portions thereof concerning which there is little or no disagreement. It is undisputed that plaintiff and defendant entered into an oral agreement whereby plaintiff was to knock down and windrow the timber on certain land belonging to defendant and to level such land. Plaintiff testified that the agreement was that he was to receive $12.50 per acre for knocking down the timber, $12.50 per acre for windrowing it, and $5 per acre for leveling it; that he had knocked down all the timber he was supposed to, which he estimated at 84 acres of timber; that he had windrowed approximately 8 acres of the timber and had not leveled any of it. Plaintiff sought to recover for the 84 acres of timber knocked down and the 8 acres windrowed at the rate of $12.50 per acre.

Defendant's testimony and evidence was to the effect that the agreement was that plaintiff was to bulldoze all trees and brush, windrow the timber so it could be burned, and root plow and level the land for a total price of $30 per acre to be paid in full when the job was completed; that plaintiff had knocked down a little over 77½ acres of timber and had windrowed almost 8 acres, but had failed and refused to windrow the rest of the timber and had not leveled or cleared any of the land at all; that defendant had not paid plaintiff because plaintiff had refused to complete his part of the contract.

The gist of defendant's contention seems to be that the contract between the parties was an entire and indivisible contract and that since plaintiff did not complete the entire contract there can be no recovery thereon. Such contention would be well taken had the trial court rendered judgment for plaintiff on the contract. Dunn v. T. J. Cannon Co., 51 Okl. 382, 151 P. 1167; Meek v. Daugherty, 21 Okl. 859, 97 P. 557. The trial court, however, did not render judgment for plaintiff on the contract, but rather entered judgment for plaintiff on a quantum meruit basis. In the opinion in Limerick v. Lee, 17 Okl. 165, 87 P. 859, 860, the court said:

"The leading case with reference to contracts for personal services sustaining recovery on 'quantum meruit' is Britton v. Turner, 6 N.H. 481, 26 Am.Dec. 713, and the doctrine there laid down is better adapted to do adequate justice to both parties and wrong to neither than those numerous cases which rest upon the somewhat technical rule of the entirety of contract. In McClay v. Hodge, 18 Iowa, 66, Judge Dillon, speaking for the court, said: 'Referring to the doctrine laid down in Britton v. Turner, 6 N.H. 481, 26 Am.Dec. 713, * * * its principles have been gradually winning their way into professional and judicial favor. It is bottomed on justice, and is right upon principle, however it may

be upon the technical and more liberal rules of the common law as found in the older cases.' In Duncan v. Baker, 21 Kan. 99, it was held: 'Where a contract is entire, and has been only partially fulfilled, the party in fault may nevertheless recover from the other party for the actual benefit received and retained by the other party less the damages sustained by the other party by reason of the partial nonfulfillment of the contract; and this may be done in all cases where the other party has received benefit from the partial fulfillment of the contract, whether he has so received the same and retained it from choice or from the necessities of the case.' Barnwell v. Kempton, 22 Kan. [314] 317; Quigley v. [Board of Com'rs of] Sumner County, 24 Kan. [293] 300; Ryan v. Cranston, 27 Kan. 672. Mr. Parsons, in his work on Contracts, says: 'If one party, without the fault of the other, fails to perform his side of the contract in such manner as to enable him to sue upon it, still, if the other party has derived a benefit from the part performed, it would be unjust to allow him to retain that without paying anything. The law, therefore, generally implies a promise on his part to pay such a remuneration as the benefit conferred upon him is reasonably worth, and to recover that quantum of remuneration. An action of indebitatus assumpsit is maintainable.' 2 Pars.Cont. (6th Ed.) 523. Mr. Field, in his work on Damages, says that: 'The doctrine now generally recognized in case of part performance of a contract for personal service is that, if the employer accepts the benefit of what has been done, whether voluntarily or from the necessities of the case, the employe may recover according to contract price for what has been done; or where he is to receive a fixed sum for the whole work, then in the proportion which the work done bears to the whole work; or where there is no price fixed, then upon a quantum meruit; from which, however, there must be deducted whatever damages may have resulted to the employer from the failure to fully perform the contract by the employe.' Field, Dam. 327. In Duncan v. Baker, supra, Mr. Justice Valentine said: '* * * Suppose that an owner of real estate employs a man to build and repair some structure thereon for a gross but definite sum, the owner of the real estate to furnish the materials, or a portion thereof, in case of building, and either to furnish them in case of repairing, and the job is only half finished, what choice has the owner of the real estate with reference to retaining or returning the proceeds of the workman's labor? This kind of supposition will also apply to all kinds of work done on real estate, and will often apply to work done on personal property. Of course, in all cases where the employer can refuse to accept the work, and does refuse to accept it, or returns it, he is not bound to pay for it unless it exactly corresponds with the contract; but where he receives it and retains it, whether he retains it from choice or from necessity, he is bound to pay for the same what it is reasonably worth, less any damage that he may sustain by reason of the partial nonfulfillment of the contract. Of course, he is not bound to pay anything unless the work is worth something, unless he received or may receive some actual benefit therefrom; and where he received or may receive some actual benefit therefrom, he is bound to pay for such benefit, and only for such benefit, within the limitations hereinbefore mentioned.' See Beach on Contracts, par. 108, p. 135; 9 Cyc. 686; 7 Encl. of Law, 152."

We therefore conclude that there is no merit in defendant's first proposition.

As his second and last proposition defendant contends that the trial court erred

in rendering judgment for plaintiff on a quantum meruit basis on an express contract, the same not having been plead by plaintiff.

It is true that plaintiff brought this action as a suit on an express contract, however the record reveals that the court ordered and considered the pleadings amended to conform to the evidence so as to make the action one for recovery on a quantum meruit basis. This the court had the power and the right to do. 12 O.S. 1951 § 317; Martin v. McCune, 170 Okl. 196, 39 P.2d 978; Limerick v. Lee, supra. In the 4th paragraph of the syllabus in Limerick v. Lee, supra, the court said:

"In an action for material furnished and services rendered for the recovery of the contract price, it is proper to permit plaintiff to amend his petition, stating no new facts constituting a new cause of action, but seeking to recover the value of the material actually furnished and work performed upon a 'quantum meruit.'"

The judgment of the trial court is therefore affirmed.