**Burton J. LAFFOON and Mary Laffoon, Plaintiffs in Error,**

v.

**S. M. KANTOR, d/b/a Kantor Oil Company, Defendant in Error.**

No. 38870.

Supreme Court of Oklahoma.

July 10, 1962.

Jack B. Sellers, Sapulpa, for plaintiffs in error.

Rucker, Tabor, Best, Sharp & Shepherd, Bryan W. Tabor, Joseph A. Sharp, O. H. "Pat" O'Neal, Tulsa, for defendant in error.

WELCH, Justice.

This action was instituted by plaintiffs in error to recover damages sustained by them as the parents of Donald Larry Laffoon, their eleven year old son, by reason of injuries he sustained in an automobile-bicycle collision. Trial was had to a jury which returned its verdict for the defendant. Plaintiffs' motion for new trial was overruled. Plaintiffs have appealed.

The parties will be referred to herein as they appeared in the trial court.

Donald Larry Laffoon, while riding a bicycle at an intersection of a country road with State Highway 27 near Drumright, Oklahoma, was struck and injured by an automobile driven by Howard Lee Davis, defendant's employee. Another suit than this was brought in the Superior Court of Creek County for the minor by and through his father as next friend. The suit with which we are here concerned was brought by the plaintiffs as parents of the boy for their loss of his earnings and services to his attainment of majority and subsequently by reason of contributions.

Plaintiffs' appeal is based on five propositions, the first and second of which deal with the measure of damages. The first proposition complains that the trial court's instruction No. 20 was too restricted to advise the jury that the lost services for which parents are entitled to damages are not confined to those services for which the child might have performed for pecuniary gain, but include services that would have been rendered in aid of the parents in everyday affairs.

10 O.S.1961 § 5 reads in part:

"The father of a legitimate unmarried minor child is entitled to its custody, services and earnings".

■ Damages for the loss of services are not confined to loss of earnings. Shawnee Gas & Electric Co. et al. v. Motesenbocker, 41 Okl. 454, 138 P. 790; Pawhuska Feed Mills v. Hill, Okl., 289 P.2d 671, and Adams Hotel Co. v. Cobb, 3 Ind.T. 50, 53 S.W. 478.

■ The giving of an erroneous instruction may constitute reversible error where it can be said to have materially misled the jury. Martin v. McCune, 170 Okl. 196, 39 P.2d 978; St. Louis-San Francisco Ry. Co. v. Farrell, Okl., 263 P.2d 518. On the other hand, though an instruction standing alone may be subject to criticism, if instructions, in their entirety, fairly submit issues to the jury, the giving of such in-

struction is not reversible error. Taxicab Drivers' Local Union No. 889 v. Cook, Okl., 327 P.2d 660; Parkade Corporation v. Chehock, Okl., 312 P.2d 932, and Threadgill v. Anderson, Okl., 303 P.2d 297.

■ Instruction No. 20 given by the trial court was:

"Should you find from a preponderance of the evidence under the instructions in favor of the plaintiffs then you may assess the amount of recovery for such damages, if any, which you find from a preponderance of the evidence were sustained by the plaintiffs as a direct and proximate result of the accident, and which must not be oppressive or unconscionable, but which you find will fairly and reasonably compensate the plaintiffs, insofar as the same may be computed in money, and in this regard you may take into consideration such a sum of money as from the evidence would represent the difference between the earnings of their son in his present condition and what his earnings would have been had he not sustained the injuries, from the time of his injuries until he arrives at the age of 21 years. You may further take into consideration that sum of money which the evidence establishes the son would contribute, if any, to his parents for their benefit subsequent to his 21st birthday during their reasonable life expectancy, and award such sum as you determine will reasonably compensate the plaintiffs therefor, not to exceed, in any event, the amount sued for, $75,000.00."

While this instruction omits the word "services" we are unable to say that the jury could have been materially misled by the instructions in their entirety. The primary instruction setting forth the pleadings contained the word "services." Since the verdict of the jury was for the defendants the rights of the plaintiffs could not have been adversely affected by the omission of the word "services" from one given instruction.

Plaintiffs' second proposition asserts error of the court in sustaining an objection to a question asked Burton Laffoon, father of the boy, if he, the father, had been industrious and had worked away from home when a boy, and to an offer of the father's testimony as to his opinion as to the amount of the earnings of his son up to attainment of majority had the son not been injured, and contributions that the boy would have made to his parents subsequent to his majority.

■ We have examined the record and observe that plaintiff, Burton Laffoon, subsequently testified as to his having worked for wages ever since he was 16 years old; that he had an opinion as to the amount that a boy would earn between the ages of 16 to 21, and that the amount was $250.00 and $300.00 a month. The additional evidence desired by plaintiffs as to what the father did towards contributing to his parents after reaching his majority would not have been indicative of whether his son might, after attaining majority, contribute to his parents. The exclusion of the offer of testimony that it was the father's opinion that after the boy reached majority he would have made contributions could have affected nothing other than the amount of recovery. The verdict was for the defendant. No prejudice appears to have resulted to the plaintiffs' case by the sustaining of the objections to the offered testimony.

As their third proposition plaintiffs assert error of the trial court in allowing the defendant to bring out on cross-examination of the father, Burton Laffoon, his marital status, present and past, and the fact that he did not live with his son. The defendant's excuse for having asked the objectionable question is that the marital status of the father had been covered in plaintiffs' counsel's opening statement to the jury, the record of which is not before us, and that the direct testimony of the witness tended to show the witness' devotion to the family and time spent with the boy. The record shows the witness' direct testimony was that he had almost daily association

with the boy, "* * * I would see him at least nearly every day; they would call me or I would go up there and see them or they would come and see me or call or something," and that the witness knew the physical and mental condition of his son.

██ The inference of loving attention of a father to his son and family was coupled with the witness' answer to questions asked him by plaintiffs' counsel on direct interrogation. While the extent of cross-examination must be confined to those matters brought out in direct examination, or questions which reasonably tend to explain, contradict or discredit such direct testimony, we are unable to say that the questions asked the witness on cross-examination did not, under the circumstances, fall within the category of those tending to explain, contradict or discredit the matters testified to by the witness on direct examination.

█ The extent of cross-examination is largely in the sound discretion of the trial judge and unless there is an abuse of such discretion, to the manifest injury of the complaining party, the case will not be reversed on that ground. Lyday v. Holloway, Okl., 325 P.2d 432.

As a fourth proposition plaintiffs' counsel contends that the trial court erroneously excluded opinion testimony of an investigating officer as to the hazardous character of the intersection where the collision occurred, and as to his opinion of the maximum speed that an automobile might be driven safely along the highway at the intersection by a driver who knew of the existence of the intersection. The evidence was excluded on the ground that it invaded the province of the jury.

In this connection the record shows a very complete description to the jury of the concerned intersection, both verbally and pictorially. The intersection was not of the nature that would require expert testimony to explain. The conditions presented by the evidence regarding the intersection appear to have been well within the experience and knowledge of persons of ordinary understanding.

In 20 Am.Jur.Evidence, Sec. 819, the following rule is expressed:

"It is essential, of course, to the admissibility of the opinion of an expert that the situation be one which is so far out of the practical experience of jurors as to render opinion testimony proper; opinions are not admissible where there is no necessity of such evidence."

In Kelso v. Independent Tank Company, Okl., 348 P.2d 855, this court quoted with approval the following language from 146 A.L.R. 6:

"* * * Neither expert nor non-expert opinions are admissible where the matters are within the experience or knowledge of persons of ordinary understanding and experience, and where the witness, in order to form his opinion, must draw his deductions from facts which are in the possession of or which can be fully and adequately presented to the jury. Thus, it will be seen that the true theory upon which the opinion rule is based is necessity. In other words, opinion evidence is admissible where it is essential in order that the jury may reach an intelligent decision, and is excluded where superfluous because unnecessary."

█ As to the question which called for the opinion of the witness as to the maximum speed that an automobile might be safely driven south along the State Highway by a person who knew of the intersection, we held in Jackson v. Brown, Okl., 361 P.2d 270, that a conclusion of the investigating officer, he not having been present at the time of the accident, that the plaintiff was making an improper turn at the time of the collision purports to decide the cause of the collision—an ultimate issue the jury is sworn to determine. Then, there are such factors as weather and road surface to be considered. We see no error of the trial court in sustaining an objection to the witness expressing his opinion as to

the maximum safe speed that an automobile might be driven in a southerly direction along the roadway by a person who knew of the existence of the intersection.

Plaintiffs' last proposition concerns whether defendant's counsel's cross-examination of plaintiffs' witness, T. E. Hall, Highway Patrolman, went beyond the scope of his testimony on direct examination. The point of impact of the concerned vehicle had been but subtly designated by the witness during his direct examination, and the cross-examination tended to particularly explain, or establish, the location at the same spot referred to by the witness while testifying on direct examination.

We are unable to preceive prejudice to the plaintiffs resulting therefrom.

The judgment of the trial court is affirmed.