**Maud MUSSIL, Plaintiff in Error,**

**v.**

**Jack BIZAL, d/b/a Jack Bizal Plumbing & Heating Company, Defendant in Error.**

**No. 40140.**

Supreme Court of Oklahoma.

July 16, 1963.

Cargill, Cargill & Chiaf, Oklahoma City, for plaintiff in error.

Richard J. Spooner, Oklahoma City, for defendant in error.

HALLEY, Vice Chief Justice.

Maud Mussil, plaintiff, commenced this action for personal injuries against Jack Bizal, d/b/a Jack Bizal Plumbing & Heating Company, defendant, as a result of defendant's truck striking her automobile in the rear at an intersection. The jury's verdict was for the defendant. Plaintiff's motion for new trial was overruled and she appeals.

Plaintiff's first proposition of error is that the trial court abused its discretion by allowing defendant's counsel to improperly cross-examine plaintiff's witnesses. Plaintiff makes no claim in her brief that any objection by her to such cross-examination was made and overruled. The argument in her brief is that "it was fundamental error for the trial court on its own motion to fail to stop the asking of such questions" and "the trial court on its own motion should have stopped same." In support of such argument plaintiff cites two cases: Smith v. Missouri, K. & T. Ry. Co., 76 Okl. 303, 185 P. 70; Oklahoma Natural Gas Co. v. McFarland, 103 Okl. 6, 229 P. 216. However, both of those cases involved situations where cross-examination was permitted by the trial court and persisted in over timely and repeated objections. Therefore these cases are not in point and are not authority for plaintiff's argument.

The rule which this Court has followed is stated in Laffoon v. Kantor, Okl., 373 P.2d 252:

"The extent of cross-examination is largely in the sound discretion of the trial court and unless there is an abuse of such discretion, to the manifest injury of the complaining party, the case will not be reversed on that ground. Lyday v. Holloway, Okl., 325 P.2d 432."

Plaintiff contends that she and each of the three physicians who testified concerning her injuries were improperly questioned on cross-examination as to whether

plaintiff had given them a history of prior complaints, of stomach trouble, of having X-rays and check-ups, and of previous injury and sickness. Plaintiff's petition alleged that she received serious injury to her neck, back, abdomen, and about her entire body which caused her to suffer mental and physical pain. Plaintiff and her witnesses testified concerning pain and difficulty suffered by plaintiff following the collision. The first physician to testify for plaintiff was asked on direct examination whether he received a history of her having difficulty with her neck prior to the collision. He answered, in part, as follows:

"No, the only thing that I knew about her was that she had some aches and pains, but not relative to anything in particular, * * *."

Each of the other two physicians were asked on direct examination about the history he received from plaintiff. From such pleading and testimony, it appears that plaintiff opened the subject of plaintiff's previous physical condition and "aches and pains" as well as her complaints following the collision and it was proper for defendant to cross-examine concerning the details of her prior difficulties. That is, defendant had the right to attempt to show that some of her complaints antedated the collision.

Plaintiff claimed two other improper questions were asked of her on cross-examination. One was whether she had been injured in a previous automobile accident. No objection was made and she answered in the negative. No prejudice to plaintiff arose from this. The other was:

"Q. Prior to the accident—were you charged for any of your visits to these doctors?

"Mr. Chiaf: I am going to object to that as being incompetent, irrelevant and immaterial.

"The Court: It'll be sustained."

Counsel for defendant did not thereafter pursue the same line of questioning. In her brief, plaintiff asserts that by such question the defendant knowingly left the impression that since plaintiff was a doctor's wife there were no charges. We see no prejudice to plaintiff from this one question to which an objection was promptly made and properly sustained. Two of plaintiff's physician witnesses had previously identified bills rendered to plaintiff in the amounts of $816.10, $115.00, and $193.00, and such bills had been admitted into evidence. Plaintiff's husband also identified certain bills for heating pad, heating lamp and prescriptions in the amount of $79.31 which were introduced into evidence.

The evidence presented by plaintiff, the cross-examination by defendant and the ruling by the trial court upon the one objection made by plaintiff set forth above show that there was no abuse of discretion by the trial court in allowing the cited cross-examination.

Plaintiff's second proposition is that the trial court erred in submitting the question of agency to the jury. In support of this proposition plaintiff states in her brief that defendant's original answer did not specifically deny agency and the answer was unverified. Plaintiff does concede, however, that two days before trial defendant amended his answer to deny agency and filed a verification, but plaintiff contends that defendant amended without leave of the trial court to amend. The trial court's order in this regard is as follows:

"Now on this 5 day of December, 1960, there came on for hearing the application of the defendant, Jack Bizal, d/b/a Jack Bizal Plumbing and Heating Company, for leave to verify defendant's answer filed herein and the Court being fully advised in the premises finds that said application should be granted for defendant to verify his Answer on file herein and deny agency."

Defendant filed his amendment to the answer, by interlineation thereon, specifically denying agency. He also verified the answer. The cause came on for trial on December 7, 1960. The record does not indicate that plaintiff requested a continuance

or in any other way objected to the answer prior to the introduction of evidence in the case. Plaintiff herself introduced evidence attempting to prove defendant's driver was his agent. As part of defendant's evidence defendant and the driver of defendant's truck each testified, without objection, that the driver was not on duty or on a mission for defendant at the time of the accident. Plaintiff's counsel cross-examined both witnesses concerning that issue. It was not until after both sides had rested that plaintiff attempted to claim that the issue was not properly in the lawsuit. Such objection was a motion that the trial court not instruct on the issue of agency, since the trial court's order prior to trial "did not provide that any allegation should be amended in the Answer." The trial court overruled such motion and instructed the jury on the issue. Defendant makes no objection on appeal concerning the form or content of the instructions. Neither does plaintiff contend that the trial court abused its discretion in allowing defendant to amend his answer to specifically deny agency.

■ As we view the record, the trial court by its order of December 5, 1960, clearly granted permission to defendant to amend his answer to deny agency. The answer was amended in conformity with the order. Plaintiff was in no way prejudiced in a case such as this where both parties, without objection, fully and completely tried the issue. This proposition of error is without merit.

Plaintiff's third proposition is no more than a combination of the arguments made in the first two propositions. Since we have found no error was committed by the trial court in our discussion of the above propositions, no further consideration is needed in connection with the third proposition.

Affirmed.

WELCH, DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.